## CAMPRELLE *v.* BALBACH.

*(Circuit Court, S. D. New York. March 20, 1891.)*

1. REMOVAL OF CAUSES—CITIZENSHIP—PETITION.
Under the removal act of 1887, (24 St. U. S. 552,) which provides that certain actions may be removed from the state to the federal courts, "by the defendant or defendants therein, being non-residents of that state," a removal cannot be had unless the petition shows on its face that the defendant was a non-resident when the action was begun.

2. SAME—MOTION TO REMAND—AFFIDAVITS.
On motion to remand, defects in the petition for removal cannot be supplied by affidavits.

At Law. On motion to remand.
*H. F. Lawrence,* for plaintiff.
*S. Mallet-Prevost,* for defendant.

LACOMBE, Circuit Judge. This is a motion to remand. The action was begun in the superior court of the city of New York by the service of a summons on June 11, 1890. By reason of various motions to make the complaint more definite, and for bills of particulars, and by extensions, the time to answer the complaint (or rather the amended complaint) did not expire until December 5th. The cause was removed into this court, December 4, 1890. The record in the state court showed that the controversy was one between citizens of different states, such difference of citizenship existing when the action was begun; and that the defendant was a non-resident of the state of New York when the petition for removal was verified, December 4, 1890; but did not show that he was such non-resident when the action was begun. The removal act of 1887 (chapter 373, 24 St. 552) provides that—

"Any suit of a civil nature [other than those involving a federal question] of which the circuit courts of the United States are given jurisdiction [including controversies between citizens of different states,] * * * brought in any state court, may be removed into the circuit courts of the United States * * * by the defendant or defendants therein, being non-residents of that state."

The act does not expressly state whether a defendant, in order to be entitled to removal, must show non-residence from the beginning of the action, or need show only non-residence at the time of filing the petition. Which construction shall be given to the language used in the act is the question presented on this motion. The precise point seems never to have been decided. In *Freeman v. Butler*, 39 Fed. Rep. 1, it was referred to, but not disposed of; the petition in that case not showing non-residence, even at the time of removal. Inasmuch as the removal act of 1887 manifestly shows that it was the purpose of congress to restrict the jurisdiction of the circuit courts, (*Smith v. Lyon*, 133 U. S. 319, 10 Sup. Ct. Rep. 303,) the interpretation apparently most in accord with the intention of congress is that which holds that the *status* of parties, so far as the right to removal is concerned, is to be

settled by their condition at the time of the beginning of the action. If, when the summons was served, the state court had jurisdiction, and there was no right of removal to the federal court because the defendant was a resident of the state in the court of which he was sued, it can hardly be held that it was the intention of congress to allow such defendant to escape from the jurisdiction of the state court by changing his residence after the commencement of the action. Such an interpretation would allow a citizen and resident of the state of New York, sued in the courts of his own state by a citizen of another state, to drag his litigation into the federal courts by merely changing his residence, abandoning the courts of the state in which he was a citizen, and which his adversary, though a citizen of another state, was willing to accept as the forum which should pass upon the justice of his claim. It certainly was not the intention of congress to incumber the calendar of the federal courts with such litigation, and, unless the removal act of 1887 is interpreted as the plaintiff contends it should be, such a result is possible. The record, therefore, which was before the state court, did not on its face show that the cause was one removable to the federal court.

The defendant, however, asks leave to file an affidavit in aid of his petition for removal, alleging that he was a non-resident of this state when the action was brought. This, however, he cannot do. The case must be determined by the record presented to the state court. Unless at the time the application for removal was made such record upon its face shows that the case was a removable one, it is not in law removed from the state courts. The jurisdiction of that court remains unaffected, and, under the act of congress, the jurisdiction of this court cannot attach until it becomes the duty of the state court to proceed no further. No such duty, of course, arises unless a case is made by the record presented to the state court entitling the party to a removal. There is no precedent, which authorizes an amendment to be made in the circuit court, by which grounds of jurisdiction may be made to appear, which were not presented to the state court on the motion for removal. The converse has been expressly held repeatedly by the supreme court. *Cameron* v. *Hodges*, 127 U. S. 322, 8 Sup. Ct. Rep. 1154; *Crehore* v. *Railway Co.*, 131 U. S. 240, 9 Sup. Ct. Rep. 692; *Jackson* v. *Allen*, 132 U. S. 34, 10 Sup. Ct. Rep. 9. The motion to remand is granted.