DENNY *v.* PIRONI.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 1661. Submitted April 27, 1891. — Decided May 25, 1891.

When the pleadings in an action in a Circuit Court of the United States fail to show averments of diverse citizenship necessary to give the court jurisdiction, the fault cannot be cured by making such an averment in a remittitur by the plaintiff of a portion of the judgment.

While it is not necessary that the essential facts, necessary to give a Circuit Court jurisdiction on the ground of diverse citizenship should be averred in the pleadings, they must appear in such papers as properly constitute the record on which judgment is entered, and not in averments which are improperly and surreptitiously introduced into the record for the purpose of healing a defect in this particular.

The cases on this subject reviewed.

THIS was a writ of error sued out under the act of February 25, 1889, 25 Stat. 693, c. 236, allowing a writ of error in all cases involving the jurisdiction of the Circuit Court.

The action was brought by the defendants in error against

Denny, one of the plaintiffs in error, to recover certain wines purchased of the plaintiffs by one Momand through the alleged fraudulent device of Denny, who subsequently seized such wines upon an attachment of his own against Momand. The only averment of citizenship, requisite to give jurisdiction, was contained in the following allegation:

"1. That petitioners, who are hereinafter styled plaintiffs, are and were at the times of the accrual of the causes of action hereinafter stated, a mercantile firm, composed as aforesaid, engaged in the wholesale wine and liquor business in the city and county of Los Angeles, California, where both of said plaintiffs also reside; that defendant is a resident citizen of Dallas County, Texas, within the Northern Judicial District of Texas."

The case went to trial upon this allegation, and a judgment was recovered against Denny and the sureties upon his replevin bond for $2224.70, the value of the property, besides $238.29 damages, with interest and costs. Motion was made for a new trial February 23, 1891, upon alleged errors in the instruction of the court and in the verdict of the jury, and was denied. Upon the same day a motion was made in arrest of the judgment, which had already been entered, upon the ground that there was no allegation in the petition showing that plaintiffs and defendant were citizens of different States, and no allegation to show that the court had jurisdiction. Upon the next day the plaintiffs filed the following remittitur:

"Now at this time come Pironi & Slatri, a firm and copartnership, composed of C. B. Pironi and F. Slatri, the plaintiffs in the above-numbered and entitled cause, each of whom is now and was at the date of the institution of this suit, a citizen of the State of California, and a resident of the city and county of Los Angeles, in said State of California, and show to the court that they, on the 21st day of February, 1891, recovered a judgment against the defendant, J. C. Denny, who was at the date of the institution of this suit a citizen of the State of Texas, and a resident of the city of Dallas, in said State of Texas, within the Northern Judicial District of Texas, for certain personal property of the value of $2224.70, and also

damages for its detention in the sum of $238.29, besides interest and costs; and said plaintiffs now in open court remit the sum of five dollars to and from the said sum of $238.29, the damages awarded in said judgment aforesaid; and plaintiffs pray that this remittitur may be noted on the docket and entered in the minutes, and that execution may issue in due course for the balance of said judgment after deducting said sum of five dollars now here remitted from the damages adjudged as aforesaid."

Upon the filing of this document an order was made that "said remittitur be noted on the docket and filed herein as a part of the record of this cause, and that the said sum of five dollars be, and the same is hereby, remitted from the judgment of $238.29, assessed and adjudged as damages in said original judgment herein entered on February 21, 1891; and it is further ordered that execution issue for the balance only of said original judgment after deducting the said amount of five dollars so here remitted." An order was also made denying the motion in arrest of judgment, and a bill of exceptions was settled setting forth the above facts.

*Mr. John Johns* for plaintiffs in error.

*Mr. W. Hallett Phillips* for defendants in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

The only averment of the plaintiffs' citizenship appearing in the record prior to the remittitur is contained in the first allegation of the petition, that "the petitioners, who are hereinafter styled plaintiffs, are and were at the times of the accrual of the causes of action hereinafter stated, a mercantile firm, composed as aforesaid, engaged in the wholesale wine and liquor business in the city and county of Los Angeles, California, where both of said plaintiffs also reside." That an averment of residence is not the equivalent of an averment of citizenship, and is insufficient to give the Circuit Court jurisdiction, has been settled in a multitude of cases in this court:

*Parker* v. *Overman*, 18 How. 137; *Robertson* v. *Cease,* 97 U. S. 646; *Everhart* v. *Huntsville College*, 120 U. S. 223; *Menard* v. *Goggan*, 121 U. S. 253; and in case of a defective averment in this particular the judgment will be reversed by this court upon its own motion, and the case remanded; *Peper* v. *Fordyce*, 119 U. S. 469; *Everhart* v. *Huntsville College*, 120 U. S. 223; *Menard* v. *Goggan*, 121 U. S. 253. A case cannot be amended here so as to show jurisdiction, but the court below, in its discretion, may allow it to be done where the suit was instituted in the Circuit Court; *Continental Insurance Company* v. *Rhoads*, 119 U. S. 237; *Halsted* v. *Buster*, 119 U. S. 341.

This judgment then depends for its validity wholly upon the question whether the mere recital of the citizenship of the parties in the remittitur is such an incorporation of the same into the record as obviates the objection to the original petition and supports the judgment. It has been repeatedly held that it was not necessary for the averment to appear in the pleadings, but that the statute was complied with if it appeared in any part of the record. Thus in *Railway Company* v. *Ramsey*, 22 Wall. 322, 328, which was a case removed from a state court, the averment of citizenship did not appear in the pleadings, but the parties, by stipulation and agreement placed on file, and made part of the record, admitted that the cause was brought into the Circuit Court by transfer from the state court in accordance with the statutes in such case provided. By the same stipulation it was made to appear that all the original files in the cause had been destroyed by fire. The court held that, while consent of parties cannot give the courts of the United States jurisdiction, they may admit facts which show jurisdiction, and the courts may act judicially upon such admission, and that it would be presumed that the petition for removal stated facts sufficient to entitle the party to have the transfer made. Said the Chief Justice, speaking for the court: "As both the court and the parties accepted the transfer, it cannot for a moment be doubted that the files did then contain conclusive evidence of the existence of the jurisdictional facts." In *Briges* v. *Sperry*, 95 U. S. 401, the bill showed no

jurisdiction in the Circuit Court; but as the proceedings in the state court, which were held to be properly part of the record, showed that the case was removed from the state court to the Federal court on account of the citizenship of the parties, the jurisdiction was sustained. The same ruling was made in *Steamship Company* v. *Tugman*, 106 U. S. 118. In *Bondurant* v. *Watson*, 103 U. S. 281, the record showed that the husband of the original defendant, of whose will she was the executrix, was at the time of his death, and for many years before had been, a citizen of Mississippi, and the court held that it necessarily followed that the defendant was a citizen of such State at the time of her husband's death, which took place before the filing of the petition in the case, and that as it also appeared that she was a citizen of the same State at the time of the commencement of the suit against her, the jurisdiction should be sustained.

While these cases settle the principle that it is not necessary that the essential facts shall be averred in the pleadings, they show that they must appear in such papers as properly constitute the record upon which judgment is entered, and not in averments which are improperly and surreptitiously introduced into the record for the purpose of healing a defect in this particular. Thus in *Robertson* v. *Cease*, 97 U. S. 646, it was claimed by counsel to be apparent, or to be fairly inferred from certain documents or papers copied into the transcript, that the plaintiff was at the time of the commencement of the action, a citizen of Illinois. Among these documents was a notice of an application for a commission to examine witnesses, among whom was the plaintiff, described as residing in the county of Mason, State of Illinois; and there was a deposition of his, which began as follows: "My name is Henry Cease; residence, Mason County, Illinois." Under the doctrine of the cases before cited it was contended that the citizenship of Cease was satisfactorily shown by these documents, which it was insisted were a part of the record. "But," said the court, "this position cannot be maintained. It involves a misapprehension of our former decisions. When we declared that the record, other than the pleadings, may be referred to in this court, to

ascertain the citizenship of the parties, we alluded only to such portions of the transcript as properly constituted the record upon which we must base our final judgment, and not to papers which have been improperly inserted in the transcript. Those relied upon here to supply the absence of distinct averments in the pleadings as to the citizenship of Cease, clearly do not constitute any legitimate part of the record."

In the case under consideration, the remittitur formed no proper part of the judgment record, and the recital of citizenship formed no proper part of the remittitur. Undoubtedly proceedings subsequent to the judgment are admissible to show what action has been taken upon such judgment, as for instance, that it has been vacated, stayed, amended, modified or paid, that execution has been issued upon it, or that a part of it has been remitted, but such proceedings cannot be introduced to validate a judgment void for the want of jurisdiction. Not only is the remittitur in this case open to this objection, but it appears upon its face not to have been filed in good faith, but for the sole purpose of introducing the averment of citizenship; in other words this averment is the object, and the remittitur the incident. Remittiturs are used where the judgment has been accidentally entered for a larger amount than was due, or occasionally to forestall an appeal: *Pacific Express Company* v. *Malin,* 132 U. S. 531, but never to give jurisdiction where it is not otherwise shown. As well might it be contended that the difficulty could be surmounted by filing an affidavit subsequent to judgment. In either case it would be impossible for the defendant to take issue upon it, or to submit it to the court or jury as upon a plea in abatement.

*The judgment of the court below must be reversed, and the case remanded for further proceedings not inconsistent with this opinion.*