## FIFE et al. v. WHITTELL.

### (Circuit Court, N. D. California. June 11, 1900.)

### No. 12,837.

1. REMOVAL OF CAUSES—JURISDICTION—PRESUMPTION.

If the right of removal to a federal court does not appear in the record of the state court, it must be clearly shown in the petition for removal, or it will be presumed that it does not exist.

2. SAME—DIVERSE CITIZENSHIP—NONRESIDENT DEFENDANT—PETITION—SUFFICIENCY.

A petition by defendant for removal of a cause to a federal court on the ground of diverse citizenship, which alleges diverse citizenship and residence of the parties, but fails to allege that the defendant is a "nonresident of the state" where the suit is brought, is insufficient to authorize a removal under 25 Stat. p. 433, c. 866, § 2, providing that suits between citizens of different states pending in a state court, involving amounts within the jurisdiction of the federal court, may be removed by the defendant or defendants therein, "being nonresidents of the state."[1]

---

[1] Diverse citizenship as ground of federal jurisdiction. see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.

3. SAME.
Where the jurisdiction of a federal court depends on diverse citizenship, either the record or the petition for removal must show that defendant is a nonresident of the state where the suit is brought, and, if this does not appear, the state court retains jurisdiction, though the proceedings for removal may have brought the papers in the case to the federal court.

4. SAME—AMENDING PETITION.
A federal court has no jurisdiction to allow a petition for removal to be amended so as to show that the cause is in fact removable.

Action at law by Ellen A. Fife and another against George Whittell. Motion to remand the cause to the state court.   Granted.

Rodgers, Paterson & Slack, for plaintiffs.
J. P. Langhorne and Lloyd & Wood, for defendant.

MORROW, Circuit Judge. This action was brought by the plaintiffs in the state court to recover from the defendant the sum of $790,-362, with interest, as damage suffered and loss sustained by reason of false and fraudulent representations of the defendant. The defendant petitioned for the removal of the cause to this court, on the ground of diverse citizenship of the parties. The cause was brought to this court. The plaintiffs filed a plea to the jurisdiction of this court. The defendant answered. The plea was amended, and, by stipulation of counsel, the answer to the original plea was ordered to stand as the answer to the amended plea. Evidence was taken upon the issues raised, and argument heard upon the matter. The case is now before the court upon the sufficiency of the petition for removal, and the evidence taken upon the issues presented by the amended plea and the answer thereto.

In the petition for removal the defendant alleges:

"That the controversy in this action or suit, and every issue of fact and law therein, is wholly between citizens of different states, and which can be fully determined as between them; that is to say, the plaintiffs, Ellen A. Fife and George S. Fife, are now, and were at the time of the filing of the complaint in this action or suit, citizens and residents of the city and county of San Francisco, state of California, and of the Northern United States judicial district of said state of California, and the defendant, your petitioner, George Whittell, is now, and was at the time of the filing of the said complaint, a citizen and resident of the state of New York."

Plaintiff contends that this allegation is insufficient, for the reason that it is not alleged that the defendant is a nonresident of the state of California. The act of March 3, 1875, amended by the act of March 3, 1887, and corrected by the act of August 13, 1888 (25 Stat. 433), provides, in section 1:

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at law or in equity * * * in which there shall be a controversy between citizens of different states in which the matter in dispute exceeds. exclusive of interest and costs, the sum or value aforesaid [two thousand dollars]."

Section 2 of the same act provides that:

"Any other suit of a civil nature, at law or in equity [that is to say, any suit other than one arising under the constitution or laws of the United States or treaties made or which shall be made under their authority], of which the circuit courts of the United States are given jurisdiction by the preceding section. and which are now pending or which may hereafter be brought in any state

court. may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein being nonresidents of that state."

Where the question of jurisdiction of the United States circuit court is presented, we are confronted at once with the presumption that the cause is without the jurisdiction of the court, unless the contrary affirmatively appears. Turner v. Bank, 4 Dall. 8, 1 L. Ed. 718; Ex parte Smith, 94 U. S. 455, 24 L. Ed. 165; Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Grace v. Insurance Co., 109 U. S. 278, 283, 3 Sup. Ct. 207, 27 L. Ed. 932. We must also bear in mind that the acts of 1887 and 1888 were designed to contract the jurisdiction of the circuit courts, both with respect to causes original and by removal. Hanrick v. Hanrick, 153 U. S. 192, 197, 14 Sup. Ct. 835, 38 L. Ed. 685; Railway v. Brow, 164 U. S. 277, 17 Sup. Ct. 126, 41 L. Ed. 431; Camprelle v. Balbach (C. C.) 46 Fed. 81. It is also an established rule that parties seeking to remove causes to the United States circuit court are bound to comply strictly with every provision required by the act. One of the provisions of the removal act is that, where a cause of action between citizens of different states pending in the state court involves an amount within the jurisdiction of the United States circuit court, it may be removed to that court by the defendant or defendants therein "being nonresidents of the state." This restriction to the right of removal, based upon the residence of the defendants, is clearly jurisdictional, and, if it does not appear in the record in the state court, it must be clearly shown in the petition for removal as a right which the defendant has and claims, or it will be presumed not to exist. The fact that it may be inferred argumentatively from any averment in the petition as to other facts is not sufficient.

In Amory v. Amory, 95 U. S. 186, 24 L. Ed. 428, the defendants alleged that the suit was instituted by the plaintiffs as executors, and under letters of administration issued to them in New York, and that the plaintiffs, as such executors, were citizens of the state of New York. The averment was held insufficient, the court refusing to infer that the plaintiffs were personally citizens of New York. The court said:

"From the language here employed, the court may properly infer that, as persons, the plaintiffs in error were not citizens of New Jersey, as was the defendant." .

In other words, the court would infer or presume against jurisdiction, but not in its favor

In Martin v. Snyder, 148 U. S. 663, 13 Sup. Ct. 706, 37 L. Ed. 602, the petition of the defendants for removal of the cause to the United States circuit court alleged "that the controversy in said suit is between citizens of different states, and that the petitioners were at the time of the commencement of this suit, and still are, citizens of the state of Illinois, and that all the plaintiffs were then, and still are, citizens of the state of New York." It was not alleged in the petition that the defendants were nonresidents of the state, and the court did not so infer. So far as diverse citizenship was concerned, the court appears to have had jurisdiction of the case; but, because it was al-

leged that the defendants were citizens of the state of Illinois, the supreme court inferred that they were also residents of the state of Illinois, and that the circuit court was therefore without jurisdiction. Here, again, the court inferred or presumed against jurisdiction, and not in its favor. The presumption that a private corporation is a citizen and resident of the state under whose laws it is organized is not applicable to the citizenship and residence of an individual. Hanchett v. Blair (C. C. A.) 100 Fed. 817, 822. In Black, Dill. Rem. Causes, § 171, the author, under the chapter title on "Petition and Bond for Removal," discusses the necessary allegations of the petition in relation to citizenship, and says:

"Finally, since the right of removal on this ground is given to the defendant only when he is a 'nonresident' of the state in which the suit is brought, this fact must also appear in the petition for removal."

It is true no authorities are cited as supporting the text, but the author doubtless considered it fully justified by the general principles of jurisdiction, as declared by the numerous cases upon the subject.

My conclusion is that where the jurisdiction of the circuit court depends upon the diverse citizenship of the parties, either the record in the state court or the petition for removal of the cause to the circuit court must show that the defendant is a nonresident of the state where the suit is brought. If this fact does not appear, the state court retains jurisdiction of the cause, notwithstanding the proceedings for removal may have brought the papers in the case to the circuit court. In view of the possibility that the court would so determine this question, the defendant has applied for leave to amend the record so as to show that the defendant is a nonresident of this state. This motion must be denied. The court has no jurisdiction to allow such an amendment. Where a petition for removal in connection with the record in the cause fails to disclose grounds for removal, the docketing of the cause in the circuit court of the United States does not deprive the state court of jurisdiction, and the federal court has no power to grant leave to amend the petition by stating facts that show that the cause was in fact removable. Powers v. Railroad Co., 169 U. S. 92, 101, 18 Sup. Ct. 264, 42 L. Ed. 673; Murphy v. Gold Co. (C. C.) 98 Fed. 321. The motion to remand is granted.