## ZEBERT v. HUNT.

### (Circuit Court, D. Indiana. May 6, 1901.)

REMOVAL OF CAUSES—SUFFICIENCY OF PETITION—ALLEGATION OF NONRESIDENCE.

An averment, in a petition for removal on the ground of diversity of citizenship, that the defendant was, at the time of the commencement of the suit, and still is, a citizen and resident of another state, named, is a sufficient allegation that he was at the time of the commencement of the suit and when the petition was filed a nonresident of the state in which the suit was brought, within the requirements of the removal act of 1887–88, since a person cannot be a resident of two states at the same time. While it is the well-established rule that the fact of such nonresidence must clearly appear from the petition or record, and that no fact can be taken by intendment, no set form of words is indispensable, and it is sufficient to allege facts from which such nonresidence follows as a necessary legal conclusion.

On Motion to Remand to State Court.

A. W. Hatch, Roscoe Kimple, and Blacklidge, Shirley & Wolf, for plaintiff.

Brown & Geddes and C. A. Schmetteau, for defendant.

BAKER, District Judge. This is an action brought in the circuit court of Howard county, Ind., by Peter Zebert against Samuel Hunt, receiver, for the recovery of $20,000 as damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence and carelessness of the receiver and his servants. The defendant seasonably filed his petition, with a proper bond, for the removal of the action from the state court into this court. The application was sustained, and the action is now pending here. The plaintiff moves the court to remand the action to the state court on the ground that the petition does not show the requisite facts to authorize this court to entertain jurisdiction. This question must be determined solely upon the facts stated in the petition for removal and the record. The jurisdictional facts contained in the petition are stated in these words:

"That the controversy herein is between citizens of different states, to wit, the plaintiff, Peter Zebert, who was at the time of the commencement of this suit, and still is, a citizen and resident of this, the state of Indiana, and your petitioner, the defendant herein, who was at the time of the commencement of this suit, and still is, a citizen and resident of the state of Ohio."

The plaintiff's contention is that the above statement is insufficient, because it is not alleged that the defendant was, at the time the suit was begun, and still is, a nonresident of the state of Indiana. When the removal is sought on the ground of diverse citizenship, it must be made to appear by the petition for removal or elsewhere in the record that such diversity of citizenship existed at the time the suit was begun, as well as at the time the removal is sought; and it must further be made to appear that the defendant was, when the suit was begun and when the removal is sought, a nonresident of the state where the suit was originally brought. Certain propositions are too thoroughly settled to justify any citation of authority. Among these are: (1) The courts of the United States are courts whose jurisdiction in respect of parties and subject-matter is solely con-

108 F.—29

ferred by the statutes of the United States, and there is no presumption in favor of their jurisdiction when it is directly drawn in question. Hence, when the question of their jurisdiction is directly presented, it cannot be sustained unless the record affirmatively discloses a cause of action within their statutory jurisdiction. (2) The judiciary act of 1887, as re-enacted and re-enrolled in 1888, was intended to contract the jurisdiction of the circuit courts of the United States in respect of original as well as removed causes of action. (3) Jurisdiction of no removed cause of action can be maintained unless every fact necessary to confer jurisdiction is affirmatively shown either in the petition for removal or elsewhere in the record. It is not, however, required that the existence of the jurisdictional facts should be shown in any set form of words. If the jurisdictional facts are shown by direct and positive averment in the language of the statute, it is uniformly agreed that it discloses a cause within the jurisdiction of the court. It is insisted, however, that nothing short of this strictness will suffice. It is true that the jurisdiction of the court cannot be sustained by argument, inference of fact, or intendment. But it is equally true that, when facts are disclosed in the petition for removal or elsewhere in the record which conclusively prove the existence of the requisite jurisdictional facts, it will be sufficient. When facts are alleged in the petition or elsewhere in the record which establish, as a necessary legal conclusion therefrom, the existence of the requisite jurisdictional facts, it is unnecessary to do more. In such a case it would be a work of supererogation to allege the facts so proven in the language of the statute. This doctrine is announced and applied in the case of Bondurant v. Watson, 103 U. S. 281, 26 L. Ed. 447. The record in that case showed that the husband of the original defendant, of whose will she was executrix, was, at the time of his death, and for many years before had been, a citizen of the state of Mississippi, and the court held that it necessarily followed that the defendant was a citizen of such state at the time of her husband's death, which took place before the filing of the petition in the case; and that, as it appeared that she was a citizen of the same state at the time of the commencement of the suit against her, the jurisdiction should be sustained. See, also, Denny v. Pironi, 141 U. S. 121, 125, 11 Sup. Ct. 966, 35 L. Ed. 657. In the case of Bondurant v. Watson, supra, the record showed that the petitioner's husband had been for many years, and up to the time of his death, a citizen of the state of Mississippi, and the supreme court found therefrom, as a necessary legal conclusion, that his wife was a citizen of that state. This established her citizenship in the state of Mississippi before the suit was brought, and, as she alleged her citizenship in that state at the time she filed her petition for removal, the court concluded as matter of law, from these facts, that she had been continuously a citizen of the state of Mississippi from the time of her husband's death until the filing of her petition for removal. The doctrine of this case is in harmony with the familiar principle that, when one proves a fact from which the law conclusively presumes the existence of another fact, the latter fact is established as satisfactorily as though it had been proved by direct evidence. The

petition for removal in this case is formal, and confessedly sufficient in every particular except that it does not allege in ipsissimis verbis that the defendant was when sued and when he sought a removal a nonresident of the state of Indiana. He alleges that he was when sued and when he asked for a removal a resident of the state of Ohio. But when he alleged that he was a resident of the state of Ohio he stated a fact from which the law deduces the conclusion that he was not, at the same time, residing in the state of Indiana. A man cannot at the same time be a resident in two states, any more than he can be at the same time a citizen of two states. This is a legal and physical impossibility. Residence is defined as "the act of residing, abiding, or dwelling in a place for some continuance of time"; also as "the place where one resides" (Webst. Dict.); and as "the act or state of being seated or settled in a place"; "the act, state, or habit of dwelling or abiding; the act or state of being a resident or inhabitant; the place where one resides; habitation" (2 Burrill, Law Dict.). In Reeder v. Holcomb, 105 Mass. 93, it is said, "It usually imports the place of one's permanent domicile, rather than a temporary abode." "It may happen that one may have two places of residence, in one of which he resides during one portion of the year, in the other during the remaining portion. In such case the place at which he happens to be constitutes his residence so long as he is there, and ceases to be such as soon as he leaves it for the other place." 21 Am. & Eng. Enc. Law, 123; Stout v. Leonard, 37 N. J. Law, 492. But one cannot at the same time have more than one residence, within the legal meaning of the term. See authorities supra, and also People v. Schoonmaker, 63 Barb. 44; Houghton v. Ault, 16 How. Prac. 77; Chaine v. Wilson, Id. 552; Kranshaar v. Steamboat Co., 7 Rob. 356. It being legally impossible for a man to reside in more than one place at one time, it inevitably follows that, when the defendant shows that he resided in the state of Ohio when the suit was begun, and also when he sought to remove it, he thereby shows conclusively that he was a nonresident of the state of Indiana at the same time. I am aware that a contrary conclusion is reached in the case of Fife v. Whittell (C. C.) 102 Fed. 537, but, after an attentive examination of that case, I find myself unable to follow it. The motion to remand is overruled.