## JUMEAU v. BROOKS et al.

### (Circuit Court of Appeals, Fifth Circuit. June 1, 1901.)

### No. 1,050.

1. REPLEVIN—RIGHT TO TAKE NONSUIT.

 Under the statute of Florida, which makes the claim of the defendant in an action of replevin, where the plaintiff has obtained possession of the property, practically a cross action, it is not error to refuse to permit a plaintiff in such case to take a nonsuit.

2. FEDERAL COURTS—JURISDICTION—HOW SHOWN.

 An action will not be dismissed by a circuit court of appeals on the ground that the pleadings do not show the requisite diversity of citizenship to give the circuit court jurisdiction, on motion of the plaintiff, who brought the action in that court, where the requisite jurisdictional facts appear in the evidence embodied in his bill of exceptions.[1]

In Error to the Circuit Court of the United States for the Southern District of Florida.

John G. Reardon, for appellant.

H. L. Anderson, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This was an action to recover the possession of personal property, and was brought by Achille Laurent against William M. Brooks and Sue G. Brooks. On Laurent's death, the case was prosecuted in the name of L. Paul Jumeau, as his administrator.

1. The plaintiff gave bond under the statute, and secured possession of the property, and retained the possession. During the progress of the trial, the plaintiff, being in possession of the property sued for, offered to take a nonsuit. The court denied this motion, and the case proceeded to verdict and judgment for the defendants. The judgment for the defendants is for the recovery of the property sued for, then in possession of the plaintiff, and also against the plaintiff and the sureties on his replevin bond for the value of the property as ascertained by the verdict. It is assigned as error that the plaintiff was not allowed to take a nonsuit. If he had taken a nonsuit, the statutes governing the case provide for a judgment just like the one rendered on the verdict, for the property and its value, either judgment to be enforced at the option of the defendant. The statutes make the defendant's claim, where the plaintiff obtains and holds the property, practically a cross action. We do not think the court erred in denying the nonsuit. Rev. St. Fla. §§ 1724, 1725.

2. The declaration and pleadings failed to show the jurisdiction of the circuit court. The plaintiff, who had brought the suit, moved the court to dismiss the case for want of jurisdiction. The court overruled the motion, and made an order allowing the defendants to amend the pleadings so as to show that the plaintiff was a citizen of France, and the defendants citizens of Florida. But this

---

 [1] Jurisdiction of circuit court of appeals in general, see note to Emigration Co. v. Gallegos, 32 C. C. A. 475.

amendment does not appear to have been made. The plaintiff, however, who brought the suit in the federal court, cures this defect in the record by the bill of exceptions which he has taken. It appears from the evidence, made part of the record by the bill of exceptions, that Laurent was a citizen of France, and William M. Brooks and Sue G. Brooks citizens of Florida. If the order made by the court to amend the pleadings had been complied with, the jurisdiction of the court would have appeared in the most formal way. The jurisdictional fact as to citizenship of the parties appearing in the bill of exceptions is, we think, sufficient to sustain the jurisdiction. Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966, 35 L. Ed. 657. The judgment of the circuit court is affirmed.