### WILSON et al. v. GIBERSON.

(Circuit Court, W. D. Arkansas, Harrison Division. March 25, 1903.)

1. REMOVAL OF CAUSES—JURISDICTIONAL FACTS MUST APPEAR FROM RECORD.

To give a federal court jurisdiction of a cause on removal, it must affirmatively appear from the petition for removal, or from the accompanying record, that the suit was duly filed in the state court from which it purports to have been removed, and also, where no other ground of jurisdiction is shown, that the plaintiff and defendant were citizens of different states, both at the time the suit was instituted and when the petition for removal was filed.

Bill in Equity. On motion to remand to state court.

J. C. Floyd and Horton South, for complainants.
W. S. Chastain, for defendant.

ROGERS, District Judge. This case purports to have been brought here by the defendant on removal from the Marion circuit court sitting in chancery. It is essential to the jurisdiction of this court that all facts which are necessary to the exercise of jurisdiction affirmatively appear on the face of the petition for removal or the accompanying record. It does not appear in this case that this suit was ever filed in the Marion circuit court. It may be inferred from facts which appear in the record (and to which I need

not refer) that the case was filed in the Marion circuit court, but this court cannot acquire jurisdiction on removal by inferences. As stated, the facts giving jurisdiction must appear affirmatively, and not inferentially. If this were the only defect in the record, certiorari might· be awarded, directed to the clerk of the Marion circuit court, to compel him to perfect the record; time might be granted to the defendant to procure a perfect transcript of the record and file the same. The certiorari, however, in this case could be of no service, because it does not appear that the complainants and the defendant were citizens of different states either at the time the suit was brought or at the time the petition for removal was filed. Both facts should ·appear affirmatively in order to give this court jurisdiction. Freeman v. Butler (C. C.) 39 Fed. 1; Camprelle v. Balbach (C. C.) 46 Fed. 81. Any number of cases upon this proposition might be collated. It is unnecessary, however, to do so, because this practice ·is established, and the case must be remanded to the Marion circuit court for want of jurisdiction in this court.