DE LA MONTANYA v. DE LA MONTANYA et al.

(District Court, N. D. California. December 21, 1907.)

No. 14,451.

1. REMOVAL OF CAUSES—PETITION—NONRESIDENTS.

A petition to remove a cause from the state court of California, alleging that when the action was commenced and when the petition was filed petitioner was a resident of New York, did not allege that he was a "nonresident" of California, as required by Removal Act March 3, 1875, c. 137, § 2, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509], and was therefore insufficient.

2. SAME—AMENDMENT.

Where a removal petition was defective in alleging that, when the action was commenced and when petition was filed, petitioner was a resident of New York, instead of alleging that he was a nonresident of the state in which the action was brought, but it also alleged that petitioner was a citizen of the republic of France, such allegation, coupled with the allegation of nonresidence in the state, gave petitioner the right to remove, and hence entitled him to amend the removal petition so as to correct the allegation of nonresidence.

Bishop & Hoefler and Alfred J. Harwood, for the motion.
Knight & Heggerty and Wm. M. Madden, opposed.

VAN FLEET, District Judge. Motion is made by the plaintiff to remand this cause to the state court on the ground that the petition for removal does not show that the defendant was, at the commencement of the action, a nonresident of the state, and hence that it does

not show jurisdiction of the case in this court. The allegation of the petition in that respect is that the petitioner "was at the time said action was commenced, and is now, a resident of the state of New York"; and the objection is that this allegation is not the equivalent of an allegation that petitioner was a "nonresident" of the state, such as to bring it within the requirement of Removal Act March 3, 1875, c. 137, § 2, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509]. This objection is supported by reference to the case of Fife v. Whittell, 102 Fed. 537, decided in this court by Judge Morrow, where, relying upon the authorities there cited, it is explicitly held, under a precisely similar averment, that it is not sufficient to bring the case within the statute; that nothing short of an allegation in the precise language of the statute or its equivalent is sufficient to that end.

The defendant meets this contention by a reference to the later case of Zebert v. Hunt (decided by Judge Baker in the Circuit Court for the District of Indiana) 108 Fed. 449, where it is quite as explicitly held that an allegation in the language of this petition is sufficient as an allegation of nonresidence, and where Judge Baker refuses to follow Fife v. Whittell. It may be said that the objection is an exceedingly technical one and the sufficiency of the petition upon the point a close question; but, in view of the very strict construction which the provisions of the removal act have from the first received at the hands of the Supreme Court, I am disposed to follow the ruling of Fife v. Whittell. Every inference is to be indulged against, and not in favor of, the jurisdiction of this court.

In the present case, however, I am satisfied, from the facts stated in the petition, that but for the particular defect relied upon the petition shows a case within the jurisdiction of the court. It is alleged that the defendant "was at the time that said action was commenced, and was for many years prior thereto, and is now, a citizen of the republic of France." This fact, coupled with that of nonresidence in this state, would unquestionably give the defendant the right of removal; and under such circumstances the case is brought clearly within the doctrine of Powers v. Railway, 169 U. S. 92, 101, 18 Sup. Ct. 264, 42 L. Ed. 673, and Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, and cases there cited, which hold that such a defect in the petition may be cured by amendment in the Circuit Court—a right in which the defendant here asks to be indulged. In Powers v. Railway the rule in that regard is thus stated:

"If, upon the face of the petition and of the whole record of the state court, sufficient grounds for removal are shown, the petition may be amended in the Circuit Court of the United States, by leave of the court, by stating more fully and distinctly the facts which support those grounds."

And in Kinney v. Columbia S. & L. Ass'n, where the Circuit Court had allowed an amendment to the petition to more clearly disclose the facts upon which its jurisdiction was predicated, it is said by Mr. Justice Brewer, after discussing certain cases:

"These cases recognize the power of the Circuit Court to permit amendments of pleadings to show diverse citizenship and of removal proceedings where there is a technical defect and there are averments sufficient to show jurisdiction. The facts here disclosed clearly show a case in which an amendment

was rightfully made. The citizenship of the defendant, both at the time the suit was commenced and when the petition for removal was filed, was clearly and positively stated. There was a general averment that it was a case of diverse citizenship, and therefore one in which by the statute the party was entitled to a removal."

In this respect the facts differ from those disclosed in Fife v. Whittell, and take the case out of the rule, there declared, that the petition could not be amended in this court. I hold, therefore, that, while the petition is technically insufficient to show jurisdiction, the defendant is, under the facts stated, entitled to amend in the particular requested.

The order will therefore be that the motion to remand be granted, unless the defendant within 20 days file an amendment to his petition obviating the objection thereto.