LAWRENCE v. SOUTHERN PAC. CO. et al.

(Circuit Court, E. D. New York. November 25, 1908.)

1. REMOVAL OF CAUSES (§ 86*)—PETITION FOR REMOVAL—ALLEGATION OF NON-RESIDENCE.

An averment, in a petition for removal, that defendant is, and was at the time of the commencement of the suit, a citizen and resident of another state named, is equivalent to an allegation of nonresidence in the state of suit, and is sufficient.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 173; Dec. Dig. § 86.*]

2. REMOVAL OF CAUSES (§ 31*)—DIVERSITY OF CITIZENSHIP—FORMAL PARTIES.

Defendants, who were joined in a suit in a state court to recover an interest in lands only as trustees holding the paramount title in trust, and whose title as such was not disputed, *held* not indispensable parties, whose citizenship and residence in the same state as complainant would prevent a removal of the cause by the other defendants, who were the real parties in interest.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 71; Dec. Dig. § 31.*]

On Motion to Remand to State Court.

Battle & Marshall (David Gerber and H. Snowden Marshall, of counsel), for plaintiff.

Joline, Larkin & Rathbone (Arthur H. Van Brunt, of counsel), for defendant Houston & T. C. R. Co.

CHATFIELD, District Judge. A long statement of facts on the present application seems unnecessary. Certain litigation has been had in the state courts, resulting in the dismissal of the complaint. MacArdell v. Olcott, 189 N. Y. 368, 82 N. E. 181. A second action, upon allegations growing out of the same state of facts, but setting forth a different cause of action, has been brought in the Supreme Court of the county of Queens, in the state of New York, by Walter B. Lawrence, on behalf of himself and other stockholders of the Houston & Texas Central Railway Company, against Southern Pacific Company, Frederic P. Olcott, Central Trust Company of New York,

———
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

165 F.—16

Farmers' Loan & Trust Company, Metropolitan Trust Company of the City of New York, the Houston & Texas Central Railroad Company, and Houston & Texas Central Railway Company. Before answer the defendants Southern Pacific Company, Frederic P. Olcott, and the Houston & Texas Central Railroad Company applied for an order of removal, upon an affidavit showing that the Southern Pacific Company was a corporation of the state of Kentucky and a citizen and resident of that state, that the defendant Frederick P. Olcott was a citizen and resident of the state of New Jersey, that the Houston & Texas Central Railroad Company and the Houston & Texas Central Railway Company were corporations of the state of Texas and citizens and residents therein, that the defendants Central Trust Company, Farmers' Loan & Trust Company, and the Metropolitan Trust Company of the City of New York were all corporations of the state of New York, and that these last three named trust companies are not necessary or indispensable parties to the action. The other allegations of the affidavit upon which the order of removal was obtained are not called into question, and seem to comply with the requirements of the statute. As the result of this application an order of removal was entered in the Supreme Court of the county of Queens, and the record was filed in the Circuit Court of the United States for the Eastern District of New York, upon the 16th day of March, 1908. The present motion to remand was brought on before this court upon the 20th day of March, 1908, and was duly argued and submitted.

The plaintiff contends upon the motion to remand that he seeks to impress a trust or obligation to convey certain lands upon both the defendant Olcott and the three New York trust company defendants, which trust companies hold title to these lands for the protection of certain mortgage bondholders. The defendants claim, however, that the defendant Olcott is apparently only given a reversion in the equity of redemption, as to which the right to a trust exists if the plaintiff be entitled to any such right. The person in possession of land, of which it is sought to obtain possession, is a necessary party to any such action. · Construction Co. v Cane Creek, 155 U. S. 283, 15 Sup. Ct. 91, 39 L. Ed. 152. It is apparent that an action brought by the plaintiff, a resident of Queens county, in the state of New York, could not be brought against the Central Trust Company, a resident of the county of New York, in the same state, in company with other defendants, in the courts of the United States, under ː claim of diversity of citizenship, if the trust company is an indispensable party. The defendants who filed the petition for removal in the state court, it will be noted, include only Mr. Olcott, who is admitted by all parties to be both necessary and indispensable as a party defendant, and the Southern Pacific Company and the Houston & Texas Central Railroad Company, who are admittedly not residents of the state of New York. These defendants have alleged that the Central Trust Company and the other New York trust companies are not necessary or indispensable parties. The notice of this present motion was directed to and served upon the attorneys for the defendants who petitioned for removal; but the Central Trust Company of New York, together with the two

other trust companies, have not appeared by attorney in the action nor upon any of the motions. The plaintiff is insisting upon his right to sue these absent defendants, and to ask, as he claims, affirmative relief against them, and the complaint, so far as the record in this case is concerned, is the only paper from which this court can determine the present motion. The decision in the MacArdell Case may throw some light upon the holding of the New York courts with reference to the agreements and deeds involved herein, but the question of the interpretation of the present complaint must be passed upon independently, and there is nothing in the MacArdell Case making any of these questions res adjudicata, so far as the present parties are concerned.

The defendants who caused the removal of this action into the United States court have laid great stress upon the point that a denial of the present motion and the retention of the case in the United States court will not mean the discontinuance of the action as to those defendants, and that they may be proper parties, and may ultimately be subjected to any orders of the court in this action. But this contention loses sight of the fact that they have not yet appeared, and that it is impossible to now determine whether a motion to discontinue as to them would or must be granted, if they are neither necessary nor indispensable. Certainly, without their appearance and presence, it is impossible to determine whether they will contest their being considered proper parties, and the whole question of retaining them in the suit depends primarily upon whether they are in default, after proper service.

The plaintiff has also raised the technical objection to the petition on removal, upon the authority of Fife v. Whittell (C. C.) 102 Fed. 537, that the allegations show affirmatively the residence of the defendants in question, but contain no statement that they are nonresidents of the state of New York. Under the present policy of the United States courts, as expressed by Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, and Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101, it would seem that Zebert v. Hunt (C. C.) 108 Fed. 449, states the better rule, and that allegations showing nonresidence are sufficient for the retention of jurisdiction, even if the direct statement of nonresidence is not set forth in the words of the statute.

The principal opportunity for argument would seem to be the use of the word "indispensable," as distinguished from "proper" or "necessary," parties. In the case of Rogers v. Penobscot Mining Co., 151 Fed. 606, 83 C. C. A. 380, it has been held that an indispensable party is one whose interest in the subject-matter of the controversy is such that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. In the case of Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122, an order of removal was sustained, and an application

to remand refused; the court holding that the action was severable as to the parties who were claimed to be not indispensable, and that any relief that might be had by the plaintiff against those defendants who had not joined in the order of removal was merely the resultant of relief against the indispensable defendants, and would follow whether the action included those nominal parties or whether it did not. The present case is very similar.

In the case at bar no relief is asked against the three New York trust companies, except that they be declared not to have any beneficial interest or ownership in the lands conveyed to them as security for the mortgage bonds. It is apparent, from an examination of the deed of trust to them, that they took solely as trustees. The allegations of the complaint in this respect are not disputed by the defendants who have appeared, and these trust companies as trustees have a title paramount to that claimed by the other defendants, or to that title which the plaintiff demands shall be conveyed to him. The person having a paramount title is not a necessary or indispensable party, and, if the action had remained in the state court and the trust companies had failed to answer, no relief could have been asked of them, and no judgment could have been entered affecting them, except in so far as such a judgment recognized the validity of their title as trustee.

An examination of the records of this court shows that after removal these trust companies have neither joined in the motion to remand nor appeared in the action, and (if they were duly served) are now in default, and the allegations of the complaint are therefore admitted, so far as they are concerned. Under such circumstances it seems necessary to hold that they are not indispensable parties either to the trial of the action or the rendering of the judgment. If they resist the carrying out of the decree of the court, if a decree be ultimately entered in favor of the plaintiff, such resistance would have to be by affirmative action on their part, and if they are carried as parties in the action, although not indispensable, especially if they remain in default, no greater relief could be given against them (provided they claim under a title paramount) than if they were not parties and holding in the same way. On the contrary, such relief as can be granted can be enforced in the action as it stands at present, assuming that they are proper parties and have been made parties, even if they be regarded as not indispensable.

It has been suggested upon the argument and in the briefs that, if jurisdiction is retained by this court and the action is not remanded, great confusion and perhaps severe loss may result from the freedom of action which will thus be given to these three trust companies. For the reasons just stated, this objection does not seem to be of sufficient weight, and inasmuch as no appeal can be taken from an order remanding, which is in the discretion of the court, while, on the contrary, an order denying the motion to remand may be reviewed on appeal, the case would seem to be one in which the jurisdiction of this court should be retained and the motion to remand denied.