THOMAS et al. v. ANDERSON et al.

(Circuit Court of Appeals, Eighth Circuit. May 3, 1915.)

No. 4303.

1. APPEAL AND ERROR ☞185—PRESENTING QUESTIONS IN LOWER COURT—JURISDICTIONAL QUESTION.

Where the question of the jurisdiction of the District Court is plainly apparent on the record, it cannot be ignored on appeal, even though it was not presented in the trial court, except by assignment of error after the final decree on the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1176, 1375; Dec. Dig. ☞185.]

2. COURTS ☞317—JURISDICTION OF UNITED STATES COURTS—DIVERSITY OF CITIZENSHIP—REARRANGEMENT OF PARTIES.

In a suit by three heirs, who were citizens of Tennessee, against the executor, who was a citizen of Missouri, in which the administrator of a deceased heir, who was also a citizen of Missouri, was joined as defendant to secure a construction of the will, the plaintiffs claiming either that it did not dispose of the residuary estate, or that the executor was given such estate in trust for the heirs, and the executor claiming that the residuary estate was given to him absolutely, the administrator must be classed as a plaintiff in aligning the parties for the purpose of determining jurisdiction, and therefore one of the parties plaintiff was a citizen of the same state as the defendant, and the District Court was without jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞317.]

3. COURTS ☞310—JURISDICTION OF UNITED STATES COURTS—DIVERSITY OF CITIZENSHIP—UNNECESSARY PARTIES.

Though the interest of the administrator was like that of the other plaintiffs, so that he was a proper party, his interest was severable from theirs, and he was not a necessary party, and therefore need not have been joined under equity rule 39 (226 U. S. 659, 33 Sup. Ct. xxix), providing that where a proper, but not necessary, party could not be brought in without ousting the jurisdiction of the trial court, that court may in its discretion proceed in his absence, the decree to be without prejudice to his rights, which rule was merely declaratory of the prior practice.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. ☞310.]

4. COURTS ☞318—JURISDICTION OF UNITED STATES COURTS—DISMISSAL AS TO PARTIES.

The trial court can retain jurisdiction of a suit by allowing amendments to the pleadings and dismissals as to proper, but not necessary, parties whose presence would oust the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 863; Dec. Dig. ☞318.]

5. COURTS ☞318—JURISDICTION OF UNITED STATES COURTS—DIVERSITY OF CITIZENSHIP—AMENDMENT—APPELLATE COURTS.

The appellate court cannot permit the amendment of the pleadings and dismissal as to parties, so as to retain jurisdiction, since their function is supervisory and corrective, and Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087) § 274c, as added by Act March 3, 1915, allowing such courts to permit amendments in case of an existing diversity of citizenship defectively alleged, does not authorize them to permit a dismissal of an unnecessary party to retain jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 863; Dec. Dig. ☞318.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit by Harry Anderson and others against William E. Thomas, executor, and others. Decree for plaintiffs, and defendants appeal. Reversed and remanded, with directions to dismiss the suit without prejudice for want of jurisdiction, unless the objection to the jurisdiction is removed by amendment with leave of the trial court.

Alfred N. Gossett, of Kansas City, Mo., for appellants.

William C. Michaels and E. Wright Taylor, both of Kansas City, Mo. (Delbert J. Haff, Edwin C. Meservey, and Charles W. German, all of Kansas City, Mo., and Alfred T. Levine, of Nashville, Tenn., on the brief), for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. [1] A question of jurisdiction of the trial court lies at the threshold of this case. Though not presented there, except by an assignment of error after final decree on the merits, it is plainly apparent on the record and cannot be ignored. Yocum v. Parker, 66 C. C. A. 80, 130 Fed. 770.

[2] Three heirs at law of a testatrix sued the executor of her will officially and individually in the District Court of the United States for the Western District of Missouri to recover a part of the residuary estate. The plaintiffs were citizens of Tennessee. The executor, who was also an heir, was a citizen of Missouri. The administrator of a fifth heir, likewise a citizen of Missouri, was made a defendant. The single, common point of controversy shown by the bill of complaint was the construction and validity of the clause of the will purporting to dispose of the residuary estate. If the plaintiffs were right in their contention, each of them was entitled to one-thirteenth of that part of the estate, as though in respect thereof the decedent had died intestate,

or, if not so, then that the executor took under the will as trustee for them, and the defendant administrator was entitled to a like share for the same reason. On the other hand, if the executor was right, he took the entire residuary estate under the will, to their exclusion. That the executor was also an heir, and had purchased the interests of certain other heirs, is unimportant. He was not asserting the right so derived and acquired to the detriment of the other parties to the suit. There was no controversy on that score. The controversy was directed solely to his claim to the entire residuary estate under the will. In that he stood alone, and the other parties to the suit, contesting his position, stood together against him. There was no dispute between the plaintiffs and the defendant administrator. He was equally interested with them in defeating the executor. Therefore, in aligning the parties for the purpose of jurisdiction, he should be classed as a plaintiff. The result is we have a suit by three citizens of Tennessee and a citizen of Missouri against another citizen of Missouri. That this conclusion does not rest on fanciful premises is confirmed by what occurred after the bill of complaint was filed. The defendant administrator, in answering, admitted the plaintiff's averments and joined them in their prayer for relief. The decree of the court was for him equally with each of them, and with them he now asks an affirmance of the decree. He was a real and proper party plaintiff in the suit, and, being a citizen of the same state as the real defendant, the trial court was without jurisdiction. Watson v. Boufils, 53 C. C. A. 535, 116 Fed. 157.

[3] The three plaintiffs who brought the suit could have maintained it without the administrator. The interest of the latter, though like, was severable from theirs, and his presence was not essential to the relief they sought in their own behalf. He was a proper party, but not an indispensable one, within the long-settled meaning of those terms. Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80; Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657. Where a person whose presence in a suit is proper, but not indispensable, cannot be made a party without ousting the jurisdiction of the trial court, it may in its discretion proceed in his absence, and the decree shall be without prejudice to his rights. The thirty-ninth equity rule (226 U. S. 659, 33 Sup. Ct. xxix), to that effect is declaratory of the settled practice at the time of its adoption.

[4, 5] When the trouble is noticed after the suit has been brought, the power of the court to retain jurisdiction by allowing amendments to pleadings and dismissals of those whose presence would oust it has been upheld in the interest of justice and the speedy determination of litigation. Grove v. Grove (C. C.) 93 Fed. 865. But the cure, if there can be one, must be had in the court of original cognizance, not in the appellate court. The former is the forum of first action, where the parties come and go, where the pleadings are presented and the issues formed and tried. The function of an appellate court is supervisory and corrective. By section 274c of the Judicial Code (Act March 3, 1915) it has been enlarged in case of an existing diversity of citizenship defectively alleged; but the power to allow amendment, so conferred, does not reach the case at bar. Various conditions in which cases have

been sent back to trial courts with authority to make corrections to show jurisdiction appear in the following: Lewis v. Darling, 16 How. 1, 13, 14 L. Ed..819; Gaylords v. Kelshaw, 1 Wall. 81, 83, 17 L. Ed. 612; Robertson v. Cease, 97 U. S. 646, 650, 24 L. Ed. 1057; Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Denny v. Pironi, 141 U. S. 121, 11 Sup. Ct. 966, 35 L. Ed. 657; Roberts v. Lewis, 144 U. S. 653, 658, 12 Sup. Ct. 781, 36 L. Ed. 579; Stuart v. Easton, 156 U. S. 47, 15 Sup. Ct. 268, 39 L. Ed. 341. It was specifically held in Denny v. Pironi, supra, that a case cannot be amended on appeal to show jurisdiction.

The decree is reversed, and the cause is remanded, with direction to dismiss the suit without prejudice for want of jurisdiction, unless the obstacle to the jurisdiction is removed with leave of the trial court.