## SUPREME TRIBE OF BEN HUR v. CAUBLE et al.

(District Court, D. Indiana. February 2, 1920.)

### No. 7.

**1. Courts ⚏308—Jurisdiction of class suits limited to cases of diverse citizenship.**

As the Constitution gives federal courts jurisdiction over cases involving nonfederal questions only when the parties are of diverse citizenship, their jurisdiction over suits on behalf of a class is limited to cases wherein the parties are purely interstate.

**2. Courts ⚏332—Equity rule ineffective to confer jurisdiction of class suits without diverse citizenship.**

If the omission from equity rule 38 (198 Fed. xxix, 115 C. C. A. xxix), relative to suits on behalf of a class, of the former qualification that in such cases the decree shall be without prejudice to the rights and claims of absent parties, was intended to, remove the interstate limitation of the jurisdiction of federal courts when class suits are the subject-matter, it is ineffective to accomplish such intention, as the jurisdiction of the federal courts is limited by the Constitution and cannot be affected by court rules.

**3. Courts ⚏308—Class suit against Indiana corporation is within jurisdiction of federal court, though there are Indiana citizens who are members of class.**

Jurisdiction of federal court of a class suit brought by nonresident members of the class against an Indiana corporation is not ousted by the fact that there are Indiana citizens who are members of the class, in view of equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix), providing that when persons cannot be made parties by reason of their being out of the jurisdiction of the court or because their joinder would oust the jurisdiction of the court, the court may proceed without them and that decree shall be without prejudice to their rights.

**4. Courts ⚏264(1)—Nonfederal controversy between citizens of same state can be heard only when necessary to administration of res.**

It is only when a federal court is already properly in possession of a res, and the determination of an intrastate nonfederal controversy is necessary to its just administration, that a federal court may hear and determine a nonfederal controversy between citizens of the same state on an ancillary bill or intervening petition.

**5. Courts ⚏264(4)—Suit to restrain citizen of same state as plaintiff not ancillary to suit by noncitizens against plaintiff.**

Where citizens of other states on behalf of holders of a class of benefit certificates issued by an Indiana corporation brought a suit against it, resulting in a decree for the corporation, a suit by the corporation against Indiana citizens holding such certificates to restrain actions by them involving the same question was not an ancillary bill, but an original bill between citizens of Indiana, of which the federal court had no jurisdiction.

In Equity. Suit by the Supreme Tribe of Ben Hur against Aurelia J. Cauble and others. Bill dismissed.

Crane & McCabe, of Crawfordsville, Ind., and Miller, Dailey & Thompson, of Indianapolis, Ind., for complainant.

Bachelder & Bachelder, Guilford A. Deitch and Frank G. West, all of Indianapolis, Ind., for defendants.

BAKER, Circuit Judge. The original bill in this case was brought against the Supreme Tribe of Ben Hur by George Balme and others in

their own right and on behalf of other holders of class A certificates. The court took jurisdiction on the ground of diversity of citizenship, as the defendant was an Indiana corporation, and none of the named complainants was a citizen of that state. A decree in favor of the defendant resulted. Actions against the Supreme Tribe of Ben Hur raising the same questions were then started in the state courts of Indiana by Indiana holders of class A certificates. The Supreme Tribe of Ben Hur thereupon presented this as an ancillary bill to restrain those Indiana citizens from prosecuting their actions in the state courts, claiming that the original bill was a class suit and the rights of all holders of class A certificates were fully adjudicated, as in Royal Arcanum v. Green, 237 U. S. 531, 35 Sup. Ct. 724, 59 L. Ed. 1089, L. R. A. 1916A, 771.

It is a fundamental principle of our system of jurisprudence that no court may adjudicate the rights of parties who are not subject to its jurisdiction. Had the Indiana holders of class A certificates been named in the original bill, the court could not have taken jurisdiction on the ground then relied on—i. e., diversity of citizenship. Was there anything in the subject-matter of this as a class suit which would give the court jurisdiction over the rights of those who could not be named parties to the bill without ousting the jurisdiction?

Before the Judiciary Act of 1789 (1 Stat. 73) created the federal courts, the doctrine of class suits (though not called by that name) was a well-established exception to the general rule that only rights of actual parties to the bill may be affected by the decree. Story's Eq. Pl. (10th Ed.) §§ 94–116; West v. Randall, 2 Mason, 192, Fed. Cas. No. 17,424; Adair v. New River Co., 11 Ves. 429; Wendell v. Van Rensselaer, 1 Johns. Ch. (N. Y.) 349; Mare v. Malachy, 1 Myl. & Cr. 559; Fenn v. Craig, 3 Y. & Coll. 216; Barker v. Walters, 8 Beav. 92. At that time the courts of a state in which a particular corporation was domiciled were the necessary forums of all grievances concerning the rights of any of its citizens against that corporation. To state the same thing from a different viewpoint, the rights of a citizen against a corporation of his own state could have been adjudicated only in the courts of that state. To be sure, a citizen of a different state might have brought an action against the corporation; he might even have brought a class suit against it; but he must have brought it in the courts of the home state of the corporation.

[1] The Constitution gave to the federal courts jurisdiction over cases of law and equity involving nonfederal questions only when the parties were of diverse citizenship. Their jurisdiction over the subject-matter of class suits, then a well-established doctrine, was thereby limited to cases wherein the parties were purely interstate. Therefore adjudication of the rights of a citizen against a corporation of his own state, being only intrastate litigation, could not be had in the federal courts.

[2] Equity rule 38 (198 Fed. xxix, 115 C. C. A. xxix) is as follows:

"When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole."

This rule formerly was qualified by the following clause:

"But in such cases the decree shall be without prejudice to the rights and claims of the absent parties."

It is urged by complainant that this omission was intended to remove the interstate limitation of the jurisdiction of the federal courts when a class suit was the subject-matter. If it was intended to extend jurisdiction in such a naive fashion, such intention could not have been thus accomplished, for the limitation of the jurisdiction of the federal courts with respect to subject-matter being constitutional, it could not be affected by rules, either affirmatively or negatively expressed.

[3] A rule more applicable to the present case is rule 39. This rule and Act Feb. 28, 1839, c. 36, § 1, 5 Stat. 321 (Comp. St. § 1032), on which it is based, merely formulate a long-established practice. Commercial Bank v. Slocomb, 14 Pet. 60, 10 L. Ed. 354; Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Thomas v. Anderson, 223 Fed. 41, 138 C. C. A. 405 (C. C. A. 8th Cir.). The rule is as follows:

"In all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in its discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

It cannot be doubted that Indiana citizens were "out of the jurisdiction" of the federal court in the suit against an Indiana corporation. Nor can it be doubted that "their joinder would oust the jurisdiction of the court." Although that did not prevent the court from proceeding with the cause, the rights of Indiana citizens were not affected, because "in such cases the decree shall be without prejudice to the rights of the absent parties." In other words, although the original bill was a class suit, the class did not include Indiana citizens.

[4] Sometimes by means of an ancillary bill or an intervening petition a federal court hears and determines a nonfederal controversy between citizens of the same state; but that occurs only in those cases in which the federal court is already properly in possession of a res and the determination of the intrastate nonfederal controversy is necessary to a just administration of the res. Manifestly this bill is not of that character, for the original bill involved only the charter rights of the Ben Hur society under the Indiana statutes.

[5] The present defendants not being parties to the original bill, this proceeding is not an ancillary bill, but is an original bill of an Indiana corporation against Indiana citizens, and this court is without jurisdiction.

The bill is therefore dismissed, on the sole ground that the court is without jurisdiction to entertain it.