**GUARANTY NATIONAL TITLE COMPANY, INC., Plaintiff–Appellant,**

v.

**J.E.G. ASSOCIATES, Defendant–Appellee.**

No. 96–1089.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 25, 1996.

Decided Nov. 15, 1996.

58

Michael W. Rathsack (argued), Chicago, IL, for Plaintiff-Appellant.

David J. Fischer, Bradley F. Simon (argued), Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendant-Appellee.

Before POSNER, Chief Judge, and EASTERBROOK and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Serving as the escrow agent for the sale of an apartment and office complex in King of Prussia, Pennsylvania, Guaranty National Title Company withheld $9,650 to ensure payment of a transfer tax. After J.E.G. Associates, the buyer, verified that it had paid the tax, Guaranty remitted the retained sum. Unfortunately, someone added a zero, and J.E.G. received $96,500. It kept mum about the excess, and when Guaranty eventually discovered the discrepancy and demanded repayment, J.E.G. refused. It concedes that Guaranty owed it only $9,650 and that the rest is a windfall. But when Guaranty sued, J.E.G. pleaded the statute of limitations. This the district judge held to be a good defense, although he also concluded that J.E.G.'s silence after the receipt of the overpayment, coupled with its refusal to make restitution, showed that its principals were, well, unprincipled—a slimy bunch whose name should be mud in the commercial world. The judge wrapped up: "The only justice that can come in this case will have to come from the marketplace, where other business entities may shun JEG upon hearing news of its rather unscrupulous course of dealings."

■ Guaranty initiated this case under the diversity jurisdiction, 28 U.S.C. § 1332. Its brief on appeal states that it is incorporated and has its principal place of business in Illinois. According to the brief, J.E.G. Associates "is a limited partnership whose principal place of business is in Massachusetts. The partners are all citizens of the State of

Massachusetts." J.E.G.'s brief avers that Guaranty's jurisdictional statement "is complete and correct." Guaranty's brief also includes the complaint, which says only: "Defendant, JEG, is a limited partnership whose principal place of business is in Boston, Massachusetts." It does not allege the identity and citizenship of the partners, vital bits of information because a limited partnership has the citizenships of each partner, general and limited. *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). J.E.G.'s pleadings do not contain any information bearing on the partners' identity and citizenship; the remainder of the record is equally silent. So the record as it stood in the district court did not support the assertion of federal jurisdiction. The statement in Guaranty's brief, if true, would suffice-but the lack of detail led us to require the parties to file additional jurisdictional memoranda. At oral argument we told counsel that it is essential to put into the record the name and citizenship of each partner.

According to the joint statement the parties filed in response, J.E.G. Associates has two general and three limited partners. We reproduce the critical language verbatim:

General Partners: Metropolitan Financial Group, Inc. (incorporated in Massachusetts, with its principal place of business in Massachusetts)

VVA Corporation (incorporated in Massachusetts, with its principal place of business in Massachusetts)

Limited Partnership: Jeffrey J. Cohen (a resident of Massachusetts)

Jeffrey J. Cohen 1989 Irrevocable Family Trust (A Massachusetts trust)

Edward Darman Company Limited Partnership, a Massachusetts limited partnership.

The allegations concerning the general partners are proper. The allegations concerning the limited partners are deficient—shockingly so, given the events that precipitated the filing of the statement.

■ One of the appellate lawyers said at oral argument that J.E.G.'s partners are "residents" of Massachusetts. A judge inter-

vened to remind counsel that citizenship is what matters. When the parties allege residence but not citizenship, the court must dismiss the suit. *Steigleder v. McQuesten,* 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986 (1905); *Denny v. Pironi,* 141 U.S. 121, 11 S.Ct. 966, 35 L.Ed. 657 (1891); *Robertson v. Cease,* 97 U.S. 646, 24 L.Ed. 1057 (1878); *America's Best Inns, Inc. v. Best Inns of Abilene, LP.,* 980 F.2d 1072 (7th Cir.1992). Having received that aid from the bench, what did the parties tell us but that Cohen is a *resident* of Massachusetts! His citizenship (which is to say his domicile, see *Denlinger v. Brennan,* 87 F.3d 214 (7th Cir.1996)) remains unknown.

The second limited partner is said to be a "Massachusetts trust". For purposes of § 1332, the citizenship of a trust is the citizenship of its trustee. *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Who is the trustee of the Jeffrey J. Cohen 1989 Irrevocable Family Trust? Cohen (a "resident" of Massachusetts)? A trust company? A bank? A brokerage house? A family friend? Might there be multiple trustees? The parties' joint statement is uninformative and therefore tells us nothing about the citizenship of the trust.

Then there is the third limited partner, "a Massachusetts limited partnership." A what? We are in the midst of this exercise because Guaranty called J.E.G. itself a limited partnership with a principal place of business in Massachusetts, as if partnerships were corporations. There is no such thing as "a [state name] limited partnership" for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships. To determine the citizenship of the Edward Darman Company Limited Partnership, we need to know the name and citizenship(s) of its general and limited partners. Counsel for both sides *had* to recognize this. It was explored at oral argument; it is the holding of Carden (which the joint statement cites); it is the reason why we called for the supplemental filing. To respond with the statement that one of the limited partners is "a Massachusetts limited partnership" is effrontery.

Neither the complaint nor the joint statement establishes that this case comes within the jurisdiction of the federal courts. There are two options: to dismiss immediately for lack of jurisdiction, and to call for yet another round of jurisdictional filings. *America's Best Inns,* 980 F.2d at 1074, chose the former course for a reason equally applicable today:

> These litigants have had chance after chance to establish diversity of citizenship—the complaint, the answer, the jurisdictional statements in their appellate briefs, and finally the memoranda and filings under [28 U.S.C.] § 1653 called for at oral argument. Despite receiving express directions about what they had to do, counsel did not do it. At some point the train of opportunities ends. The parties' reluctance to supply the court with essential details supports an inference that jurisdiction is absent; at all events, it is the obligation of the plaintiff to establish jurisdiction, and in this obligation the plaintiff has failed.

These lawyers knew what they had to do, and they did not do it. Failure in one round of supplemental filings leads us to doubt that a second would be any more successful. Anyway, it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear. Counsel have only themselves to blame if they must now litigate this case from scratch in state court.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.