165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
51 ASSOCIATES LIMITED PARTNERSHIP, Plaintiff-Appellee,
v.
ASSOCIATED BUSINESS TELEPHONE SYSTEMS CORPORATION, a New
Jersey Corporation, Defendant-Appellant.
 No. 98-2547.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1998.
Decided Dec. 28, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 97 C 2277. Harold A. Baker, Judge.
 Before Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 The court called for jurisdictional memoranda in this case. After further review, we conclude that the judgment from which the appeal was taken was a final decision, but that subject-matter jurisdiction has not been established.
 
 
 2
 Plaintiff is a limited partnership, which has the citizenship of every partner, general and limited (and every partner of every partner). Carden v. Arkoma Associates, 494 U.S. 185 (1990); Guaranty National Title Co. v. J.E.G. Associates, 101 F.3d 57 (7th Cir.1996); America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072 (7th Cir.1992). Defendant's brief represents that it does not know the identities, let alone the citizenships, of plaintiff's partners.
 
 
 3
 Defendant's memorandum, filed in response to our order, likewise professes ignorance of the partners' identities and citizenships. Defendant apparently believes that this information is irrelevant, as long as the adverse party does not contest jurisdiction. This is not so; litigants cannot stipulate to jurisdiction. The record must affirmatively establish the citizenship of every party, and because defendant is the one invoking federal jurisdiction (having removed the case from state court) it is defendant that bears the burden of establishing jurisdiction. Carden, Guaranty National Title, and America's Best Inn--none of which defendant mentions, even though each was cited in this court's briefing order--show that it is essential to put into the record the identity and citizenship of each of plaintiff's partners. Defendant had the ability to do so under 28 U.S.C. § 1653. That has not been done, however, so jurisdiction has not been established. Moreover, because defendant should have ascertained the jurisdictional facts before removing the case, it would be altogether inappropriate for this court to require plaintiff to supply the missing details now. As we observed in Guaranty National Title, a proponent of jurisdiction who fails to establish citizenship after two chances (one in the district court, and another in the court of appeals), cannot ask for a third or demand that the court shift the burden to its adversary.
 
 
 4
 The judgment is vacated, and the case is remanded to the district court with instructions to remand the case to the state court from which it was removed.