Edward MURPHY, et al.,
etc., Plaintiffs,

v.

ALLIED TUBE & CONDUIT
CORPORATION,
Defendant.

No. 99 C 5289.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 19, 1999.

John Michael Sutherland, Plymouth, MI, for plaintiff.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

Edward Murphy ("Murphy") and Richard Lambert ("Lambert"), who say they are suing "Individually and as former shareholders of MICHAEL INDUSTRIES, INC." ("Michael"), have brought a four-count Complaint against Allied Tube & Conduit Corporation ("Allied"), seeking to invoke federal jurisdiction on diversity of citizenship grounds.[1] Based on this Court's initial review of the Complaint,[2] it

---

1. There is an unwitting clue to the seeming lack of unfamiliarity of plaintiffs' counsel with federal practice in Complaint ¶ 4, which confuses jurisdiction with venue:

    Venue is premised on diversity of citizenship, 28 USC 1332.

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

    The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

is constrained to dismiss both the Complaint and this action sua sponte for a clear lack of federal jurisdiction.

Although this critical factor will be explored with precision a bit later, there is no question that the Complaint *says* that the over–$75,000 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) [3] is met here: Each of the four counts, seeking the identical relief under a different theory, complains that Allied has taken possession of and is keeping $82,233.29 (Complaint ¶ 7), which should have gone to Michael's former shareholders (Complaint ¶¶ 11, 14, 18 and 22). And as for the other branch of diversity jurisdiction, which requires the complete diversity of citizenship between plaintiffs on the one hand and defendant on the other, Complaint ¶ 3 has done just half of the job by identifying both facets of Allied's dual corporate citizenship under Section 1332(c)(1).

■ But one place where the Complaint has gone astray is in the other half of that job, for it specifies only the *residence* of each of Murphy (Complaint ¶ 1) and Lambert (Complaint ¶ 2), rather than alleging the real jurisdictional facts (by definition) of their respective states of *citizenship* (a concept that does not of course necessarily coincide with residence). As taught by a host of cases such as *Held v. Held,* 137 F.3d 998, 1000 (7th Cir.1998), quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.,* 101 F.3d 57, 59 (7th Cir.1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Despite that teaching, where it seems clear (as is often the case) that a pleader's error is simply one of carelessness and is thus readily curable, this Court's usual practice is to eschew such immediate dismissal in favor of affording the litigant the opportunity to provide such a cure within a reasonably short time period (see Section 1653). But here the jurisdictional problem runs much deeper than that, as only a moment's thought is needed to reveal.

■ From the Complaint's references (1) in the case caption to Murphy and Lambert as former shareholders of Michael, (2) in Complaint ¶ 6 (first) [4] to Allied as having purchased *all* of the stock in Michael and (3) in the same Complaint ¶ 6 (first) to Murphy and Lambert as having owned a *majority* of Michael's stock pre-acquisition, it is abundantly clear that Murphy and Lambert do not themselves own the entire $82,000–plus claim that they seek to assert. After all, if a purchaser has entered into a transaction to buy all of a corporation's stock from all of its shareholders but has underpaid the purchase price, each selling shareholder (again by definition) is entitled only to a ratable part of that underpayment.

To pose a somewhat more simplified example that is legally indistinguishable from the type of claim advanced here, suppose that majority shareholder Smith (owning 51% of the outstanding shares of Jones Corporation) and all of his fellow shareholders enter into a contract to sell all of Jones' outstanding shares to ABC Corporation for the sum of (1) a specified price plus (2) the amount of any of Jones' existing accounts receivable that are collected during (say) the six months immediately following closing. If promptly post-closing Jones collects on a $100,000 account receivable, Smith then has an enforceable right against ABC to receive not the entire $100,000, but rather the $51,000 that is attributable to the shares that *he* had sold.

Hence on the allegations in the Complaint *neither* Murphy nor Lambert has asserted an over–$75,000 claim against Allied. And the case law unambiguously requires that in a federal diversity action *each* plaintiff's claim must exceed the jur-

---

**3.** All further references to Title 28's provisions will simply take the form "Section___."

**4.** There are two consecutive paragraphs numbered "6" in the Complaint.

isdictional amount in controversy without aggregation (see such seminal decisions as *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) and *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973)). Accordingly the Complaint's purported satisfaction of the over–$75,000 amount in controversy requirement is simply nonexistent, and that mandates dismissal for lack of subject matter jurisdiction.

Suppose however that Murphy and Lambert were to urge instead that the amount assertedly owed by Allied is somehow an indivisible claim that runs to all of Michael's former shareholders as a group—a concept that *Snyder*, 394 U.S. at 335, 89 S.Ct. 1053 refers to as a "case[ ] in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Although that would really be an impermissible contention in this case, where *each* of the owners of corporate stock has individually agreed to sell his or her *own* stock, Murphy and Lambert would nevertheless be impaled on the other horn of a dilemma. Even under that fanciful hypothesis, the claim against Allied would by definition belong to *all* of Michael's former shareholders as a group (not to Murphy and Lambert alone), and the present Complaint would then be fatally defective in its having failed to join and identify *all* of the former shareholders and to demonstrate *their* total diversity of citizenship from Allied.

As stated at the outset of this opinion, then, under any view of the situation Murphy and Lambert have failed to make the essential showing of subject matter jurisdiction. Both the Complaint and this action are therefore dismissed, without prejudice of course to Murphy's and Lambert's possible assertion of any appropriate claim against Allied in a state court of competent jurisdiction.