## In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1714

MELISSA HART and JOHN HART,

*Plaintiffs-Appellants*,

*v.*

TERMINEX INTERNATIONAL, a Delaware corporation,
doing business as BALANTYNE PEST CONTROL,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 95 C 1811—**Joan Humphrey Lefkow**, *Judge.*

ARGUED MAY 21, 2003—DECIDED JULY 14, 2003

Before FLAUM, *Chief Judge,* and POSNER and MANION, *Circuit Judges.*

FLAUM, *Chief Judge.* After eight years in federal court and consideration by four federal judges (two magistrate and two district court) this case comes before us on appeal. This substantial consumption of federal resources makes it all the more regrettable that we must now order the dismissal of the case for lack of subject matter jurisdiction rendering everything that has occurred in those eight years a nullity. The mandate of limited federal jurisdiction must be honored by all and the parties to

the instant litigation have failed to do so despite this court's numerous warnings. Indeed our warnings have focused on the exact issue that is at the root of the jurisdictional problem in this case, namely, the misidentification in diversity cases of the citizenship of parties which are neither individuals nor corporations. For example, in *Market Street Assocs. Ltd. P'ship v. Frey* we issued this admonition:

> [B]y their *insouciance* concerning jurisdiction the litigants not only ran the risk of having to start the case over in state court but also made more work for us and delayed the decision of the appeal. We remind the bench and bar of this circuit that it is their non-delegable duty to police the limits of federal jurisdiction with meticulous care and to be particularly alert for jurisdictional problems in diversity cases in which one or more of the parties is neither an individual nor a corporation.

941 F.2d 588, 590 (7th Cir. 1991). We are nonetheless faced once again with a diversity case where the status of a partnership, which is neither an individual nor a corporation, was left unresolved until after oral arguments before this court, and where, now that the status is finally resolved, it turns out there is no complete diversity of citizenship between the parties.

## I. Background

Melissa and John Hart are citizens of Illinois. They filed this suit in the Circuit Court of Cook County on February 17, 1995, based on injuries related to the use of chemicals for purposes of extermination in and around their residence. The suit was brought against Dow Chemical Company, DowElanco, and an entity they referred to as "Terminex [sic] International, a Delaware corporation, d/b/a Balantyne Pest Control, L.P." (as we will discuss later,

this was an improper designation and the party they were really suing was Terminix International Company L.P., but for ease of reference we will refer to them as "Terminix"). Dow Chemical Company is incorporated in Delaware with its principal place of business in Michigan; the citizenships of the partners in DowElanco were never sufficiently established; and Terminix is a partnership in which two Illinois citizens are partners. That last fact destroys diversity, *see Market Street Assocs.*, 941 F.2d at 589 ("[F]or purposes of deciding whether a suit by or against a limited partnership satifies the requirement of complete diversity of citizenship . . . the citizenship of all the limited partners, as well as of the general partner, counts."), and along with diversity in this case goes federal subject matter jurisdiction. Nonetheless, Dow Chemical Company and DowElanco (collectively "Dow") removed the case, with the consent of Terminix, to the United States District Court for the Northern District of Illinois in March of 1995 based on diversity of citizenship. Seven years of wasted litigation followed, ending in judgment for the defendants based on default admissions by the Harts; but this fact is irrelevant since we need not and cannot reach the merits of this case.

## II. Discussion

The initial fault in this jurisdictional morass lies with Dow even though they have long since been dismissed as defendants. When Dow originally removed this case to the federal court they notified the court that Terminix was a "Delaware limited partnership" in which "[n]either of the limited partners are citizens of Illinois, nor do they maintain their principal place of business in Illinois." This statement, we now know, is completely inaccurate. Apparently, Dow failed to trace the ownership of Terminix past the first layer of partners, which is neces-

sary where as here a partnership has as one of its partners a second partnership. In such cases it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on). *Meyerson v. Showboat Marina Casino P'ship (Meyerson II)*, 312 F.3d 318, 320-21 (7th Cir. 2002). Thus, we have explained that "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's East Chicago Casino (Meyerson I)*, 299 F.3d 616, 617 (7th Cir. 2002). This may create some extra work for the diligent litigant, and for those with less diligence the limited partnership has become "a notorious source of jurisdictional complications," *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) in which "mistakes concerning the existence of diversity jurisdiction are most common," *Market Street Assocs.*, 941 F.2d at 590. But the point is "not so subtle that it should have escaped the attention of the defendants' lawyers." *Meyerson I*, 299 F.3d at 617. We need not dwell further on Dow's work product other than to provide, once more, a reminder to future litigants that they should strive to establish relevant and accurate jurisdictional facts at the outset "before unpleasant discoveries about jurisdictional facts require the parties and the judge to bemoan the waste of time and money invested in the litigation." *McMahon*, 150 F.3d at 654.

Moving on to the parties before us, they had their opportunity to notify this court of an appropriate basis for jurisdiction—or the lack thereof—in their briefs. That being said, the jurisdictional statements of both the Harts and Terminix are totally deficient. Circuit Rule 28(a)(1) sets forth the requirements for the parties' jurisdictional statements:

If jurisdiction depends on diversity of citizenship, the [jurisdictional] statement [in each party's brief] shall identify the jurisdictional amount and the citizenship of each party to the litigation. . . . If any party is an unincorporated association or partnership the statement shall identify the citizenship of all members.

Compliance with this rule is extremely important, as we emphasized in *Meyerson I*:

Once more we find it necessary publicly to remind the bar of the existence and importance of 7th Cir. R. 28(a)(1), which requires parties to appeals in diversity cases to identify in their briefs the citizenship of each party to the appeal.

299 F.3d at 616. The importance of the rule and our public reminders notwithstanding, the Harts provided us with this jurisdictional statement in their brief:

Original jurisdiction in the district court was under 28 U.S.C. 1332(a)(1) based on diversity of citizenship of Plaintiffs and Defendant and because the amount in controversy between the parties exceeds $50,000 exclusive of interest and costs.

Terminix, in their statement, recognized one flaw in the Hart's statement:

The summary omits information required by Seventh Circuit Rule 28(a). Specifically, because jurisdiction was based upon diversity, Rule 28(a)(1) requires certain information about the citizenship of the parties. The summary omits the facts that the Harts are citizens of Illinois. The summary omits that Terminix is a Delaware limited partnership with its principal place of business in Tennessee.

But this statement contains a flaw of its own. The term "Delaware limited partnership" is meaningless in the context of diversity jurisdiction: "There is no such thing

as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships." *Guaranty National Title Company Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

With all this before us, during oral argument we requested a complete statement of jurisdiction from Terminix. In response to this request a complete and accurate statement of the citizenship of Terminix's partners, with an attached affidavit, was provided to the court on June 6, 2003–just over eight years after the case was removed to federal court. This supplemental statement was sufficient in that it provided the citizenship of all parties still involved in this litigation, including all partners of Terminix. The only problem is that Terminix's supplemental filing, as we have suggested above, tells us that if we trace the chain of ownership through all partnerships, we ultimately end up with two partners who are corporations with Illinois citizenship and thus there is no diversity between them and the Harts.

Having established that there is no complete diversity between its partners and the plaintiffs, Terminix is left scrambling to salvage the litigation. The best it can offer is that the partnership—Terminix International Company L.P.—was not a party to this case at the time the case was filed or at the time the case was removed. Instead, Terminix claims that its general partner— Terminix International, Inc.—was the defendant along with Dow until some unspecified time later in the federal litigation. This is an astounding claim as we have in the record a filing entitled "Consent to Removal" signed by the "Attorneys for The Terminix International Company L.P." and stating, "Defendant The Terminix International Company L.P. (improperly designated as 'Terminex, International d/b/a Ballantyne Pest Control, L.P.') consents to removal of this action to the United States District

Court for the Northern District of Illinois." Why a non-party would file a consent to removal is imponderable. Furthermore, the filing contains Terminix's (and by Terminix we mean the partnership) own admission that it was in fact a defendant and its own explanation that it was the partnership that was intended by the improper label. This is sufficient evidence that Terminix was—or at the very least should be estopped from denying that it was—in fact a defendant at the time of removal, and therefore complete diversity of parties was lacking at that time.

### III. Conclusion

We therefore must regrettably find that subject matter jurisdiction is lacking in this case, and emphasize that this waste of federal judicial resources and delay of justice was avoidable and reiterate our admonitions to future litigants to meticulously review the limits of federal jurisdiction. We VACATE the judgment of the district court and REMAND with instruction to dismiss for want of jurisdiction.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*