# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 02-3975

BELLEVILLE CATERING CO., *et al.*,

*Plaintiffs-Appellants*,

*v.*

CHAMPAIGN MARKET PLACE, L.L.C.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 00-2259—**David G. Bernthal**, *Magistrate Judge.*

_____

ARGUED OCTOBER 22, 2003—DECIDED DECEMBER 1, 2003

_____

Before FLAUM, *Chief Judge*, and EASTERBROOK and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.*    Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money. See, e.g., *Hart v. Terminix International*, 336 F.3d 541 (7th Cir. 2003); *Meyerson v. Showboat Marina Casino Partnership*, 312 F.3d 318 (7th Cir. 2002); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir. 2002); *Indiana Gas Co. v. Home Insurance Co.*, 141 F.3d 314 (7th Cir. 1998); *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996); *Kanzelberger v. Kanzelberger*, 782 F.2d 774 (7th Cir. 1986).

Invoking the diversity jurisdiction, see 28 U.S.C. §1332, the complaint alleged that the corporate plaintiff is incorporated in Missouri and has its principal place of business there, and that the five individual plaintiffs (guarantors of the corporate plaintiff's obligations) are citizens of Missouri. It also alleged that the defendant is a "Delaware Limited Liability Company, with its principle [sic] place of business in the State of Illinois." Defendant agreed with these allegations and filed a counterclaim. The parties agreed that a magistrate judge could preside in lieu of a district judge, see 28 U.S.C. §636(c), and the magistrate judge accepted these jurisdictional allegations at face value. A jury trial was held, ending in a verdict of $220,000 in defendant's favor on the counterclaim. Plaintiffs appealed; the jurisdictional statement of their appellate brief tracks the allegations of the complaint. Defendant's brief asserts that plaintiffs' jurisdictional summary is "complete and correct."

It is, however, transparently incomplete and incorrect. Counsel and the magistrate judge assumed that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. That is not right. Unincorporated enterprises are analogized to partnerships, which take the citizenship of every general and limited partner. See *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). In common with other courts of appeals, we have held that limited liability companies are citizens of every state of which any member is a citizen. See *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). So who are Champaign Market Place LLC's members, and of what states are they citizens? Our effort to explore jurisdiction before oral argument led to an unexpected discovery: Belleville Catering, the corporate plaintiff, appeared to be incorporated in Illinois rather than Missouri!

At oral argument we directed the parties to file supplemental memoranda addressing jurisdictional details. Plaintiffs' response concedes that Belleville Catering is (and always has been) incorporated in Illinois. Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one. That confesses a violation of Fed. R. Civ. P. 11. People do not draft leases with the requirements of §1332 in mind—perhaps the lease meant only that Belleville Catering did business in Missouri—and counsel must secure jurisdictional details from original sources before making formal allegations. That would have been easy to do; the client's files doubtless contain the certificate of incorporation. Or counsel could have done what the court did: use the Internet. Both Illinois and Missouri make databases of incorporations readily available. Counsel for the defendant should have done the same, instead of agreeing with the complaint's unfounded allegation.

Both sides also must share the blame for assuming that a limited liability company is treated like a corporation. In the memorandum filed after oral argument, counsel for Champaign Market Place relate that several of its members are citizens of Illinois. Citizens of Illinois thus are on both sides of the suit, which therefore cannot proceed under §1332. Moreover, for all we can tell, other members are citizens of Missouri. Champaign Market Place says that one of its members is another limited liability company that "is asserting confidentiality for the members of the L.L.C." It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary. So federal jurisdiction has not been established. The complaint should not have been filed in federal court (for Belleville Catering had to know its own state of incorporation), the answer should have pointed out a problem (for Champaign Market

Place's lawyers had to ascertain the legal status of limited liability companies), and the magistrate judge should have checked all of this independently (for inquiring whether the court has jurisdiction is a federal judge's first duty in every case).

Failure to perform these tasks has the potential, realized here, to waste time (including that of the put-upon jurors) and run up legal fees. Usually parties accept the inevitable and proceed to state court once the problem becomes apparent. Perhaps the most extraordinary aspect of this proceeding, however, is the following passage in defendant's post-argument memorandum:

> Defendant-Appellee, Champaign Market Place L.L.C., prays that this Court in the exercise of its Appellate jurisdiction decide the case on the merits and affirm the judgment entered on the jury's verdict. Surely in the past this Court has decided a case on the merits where an examination of the issue would have shown a lack of subject matter jurisdiction in the District Court. It would be unfortunate in the extreme for Champaign Market Place L.L.C. to lose a judgment where Belleville Catering Company, Inc. misrepresented (albeit unintentionally) its State of incorporation in its Complaint. . . . [T]here was no reason for Champaign Market Place L.L.C. to question diversity of citizenship, since it is not, and never has been, a citizen of Missouri.

This passage—and there is more in the same vein—leaves us agog. Just where do appellate courts acquire authority to decide on the merits a case over which there is no federal jurisdiction? The proposition that the Seventh Circuit has done so in the past—a proposition unsupported by any citation—accuses the court of dereliction combined with usurpation. "A court lacks discretion to consider the merits

of a case over which it is without jurisdiction". *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981). And while counsel feel free to accuse the judges of *ultra vires* conduct, and to invite some more of it, they exculpate themselves. Lawyers for defendants, as well as plaintiffs, must investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters (as defendant's lawyers failed to do). And no entity that claims confidentiality for its members' identities and citizenships is well situated to assert that it could believe, in good faith, that complete diversity has been established.

One more subject before we conclude. The costs of a doomed foray into federal court should fall on the lawyers who failed to do their homework, not on the hapless clients. Although we lack jurisdiction to resolve the merits, we have ample authority to govern the practice of counsel in the litigation. See, e.g., *Willy v. Coastal Corp.*, 503 U.S. 131 (1992); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393-98 (1990); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir. 1987). The best way for counsel to make the litigants whole is to perform, without additional fees, any further services that are necessary to bring this suit to a conclusion in state court, or via settlement. That way the clients will pay just once for the litigation. This is intended not as a sanction, but simply to ensure that clients need not pay for lawyers' time that has been wasted for reasons beyond the clients' control.

The judgment of the district court is vacated, and the proceeding is remanded with instructions to dismiss the complaint for want of subject-matter jurisdiction.

A true Copy:
    Teste:

                    _____
                    *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*