**Mohammed JUMAH, Plaintiff,**

v.

**Rohit SHARMA, et al., Defendants.**

**No. 03 C 8773.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 8, 2003.

Charles Jerome Hartnett, III, Attorney at Law, Chicago, IL, for plaintiff.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

■ Mohammed Jumah ("Jumah") has just sued three defendants—Rohit Sharma ("Sharma"), Inderjit Mann ("Mann") and T Mart Inc. ("T Mart")—by seeking entry into this federal court on diversity of citizenship grounds. This memorandum opinion and order is issued sua sponte to dismiss this action because the Complaint carries its own death warrant in those terms—as our Court of Appeals has consistently taught in such cases as *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In that respect, Complaint ¶ 1 correctly identifies T Mart's dual corporate citizenship under 28 U.S.C. § 1332(c)(1) [1] as Wis-

---

1. All further references to Title 28's provi-         sions will simply take the form "Section—."

consin-based, then goes on to identify Sharma as an Illinois citizen and Mann as a Wisconsin citizen. But what the same paragraph says about Jumah is this:

The Plaintiff is a resident of the STATE OF ILLINOIS. And that allegation is echoed in Complaint ¶ 2:

The Plaintiff, MOHAMMED JUMAH, is an Illinois resident, residing in Oak Lawn, Illinois.

■ Because Jumah's counsel has thus inexplicably spoken of Jumah's place of residence rather than his state of citizenship, that failure calls into play the teaching of *Held v. Held,* 137 F.3d 998, 1000 (7th Cir.1998), quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.,* 101 F.3d 57, 59 (7th Cir.1996):

Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Most often when it encounters such a flawed allegation, this Court gives counsel a brief opportunity to cure that error, basing that more generous treatment on the probability (though not at all a certainty) that a party's place of residence will most often coincide with his or her state of citizenship.

■ But in this instance that same probability expressly torpedoes, rather than creating any prospect of, subject matter jurisdiction under the nearly-two-century-old decision in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) that requires total diversity as between *all* of the parties on one side of the versus sign and *all* of the parties on the other side. And the speculative possibility that Jumah might not be a United States citizen would make no difference, because of the provision in the last sentence of Section 1332(a) that would deem him an Illinois citizen.

Accordingly, as stated at the outset, both the Complaint and this action are dismissed for lack of subject matter jurisdiction. By definition this dismissal is without prejudice to Jumah's reinstitution of this action in a state court of competent jurisdiction.