UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Argued September 29, 2006

Decided October 3, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

No. 05-4729

LINDSAY JENKINS,
    *Plaintiff-Appellant,*

*v.*

ANTHONY MARTIN, *et al.*,
    *Defendants-Appellees.*

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 05 C 4037
James F. Holderman, *Chief Judge.*

**Order**

Through litigation in New York's state courts, the Ulster County Department of Human Services sought to collect—from an account at Washington Mutual Bank held jointly by Lindsay Jenkins and Anthony Martin—a $70,000 child-support obligation that Martin owes to Roswitha Tisch. Jenkins removed that proceeding to federal court in New York; a remand ensued after the district court concluded that the domestic-relations exception to the diversity jurisdiction applies. Jenkins then filed this suit in federal court in Illinois, seeking a declaration that she owns all of the funds in the account, which exceeds $75,000 in value. Defendants maintained that the suit should be dismissed for lack of jurisdiction; without reaching the question whether the requirements of 28 U.S.C. §1332 have been satisfied, the district court invoked the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

It is unfortunate that the district court bypassed the motion to dismiss for lack of jurisdiction, as subject-matter jurisdiction is the first issue in every case. *Younger* is not a jurisdictional doctrine; it concerns *abstention*, and it applies only to suits under 42 U.S.C. §1983 (which this is not) and otherwise within federal jurisdiction (as all §1983 suits are). For diversity litigation, it is the Anti-Injunction Act, 28 U.S.C. §2283, that limits the remedies available in federal litigation running in parallel to state litigation, and §2283 is not a limit on jurisdiction.

It is also unfortunate that the appellate lawyers have ignored the jurisdictional questions. Jenkins's appellate brief asserts that diversity jurisdiction is present but omits all of the details required by Circuit Rule 28(a)(1). Instead of remedying this deficiency, Ulster County's brief states that the appellant's jurisdictional statement is "complete and correct"—which it transparently is not. Ulster County has not attempted to explain why, after maintaining in the district court that the requirements of §1332 are unsatisfied, it switched grounds and supported the plaintiff's invocation of the diversity jurisdiction. Only Tisch, who filed a brief *pro se*, noted the jurisdictional problems. She has our warm thanks; the lawyers should be ashamed to have a *pro se* litigant show them up on this vital topic.

Tisch observed that at least one defendant (the County) is a citizen of New York, see *Moor v. County of Alameda*, 411 U.S. 693 (1973), and that Jenkins also appears to be a citizen of New York. She owns two parcels of real estate in New York, and the fact that she asked all papers associated with this litigation to be sent to her in New York strongly implies that she lives there. When asked at oral argument whether he had any reason to believe that Jenkins is a domiciliary of Florida, as her complaint asserts—a Florida driver's license, for example, or registration to vote there—counsel said that he had none. Instead Roy P. Amatore, who represents Jenkins on this appeal, took the position that because he was not counsel in the district court he had no obligation to consider jurisdictional questions. Our Rule 28 (and Fed. R. App. P. 28), and two centuries of jurisprudence, say otherwise. *Every* lawyer, at *every* stage of the case, has an obligation to consider jurisdictional questions.

It is not as if the subject came as a bolt out of the blue. It was raised in the district court. Under Rule 28, it had to be covered in the appellant's opening brief. It was raised in Tisch's brief—yet Amatore's reply brief on Jenkins's behalf ignored the subject. At oral argument Amatore asked for an opportunity to deal with jurisdiction in a supplemental filing, but that is too late. The plaintiff, as the proponent of jurisdiction, bears the burden of production and persuasion. See *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (collecting authority). Twice presented with apparently well-grounded challenges to the existence of complete diversity (once in the district court, again by Tisch's brief), Jenkins chose to remain silent. That is enough; a plaintiff is not entitled to a third opportunity. See *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996).

Not that another opportunity would have mattered. Even if complete diversity could be established (which is impossible because Washington Mutual Bank, as a federal savings and loan association, does not appear to be a citizen of *any* state for purposes of §1332, see *Bankers Trust Co. v. Texas & Pacific Ry.*, 241 U.S. 295 (1916)), and even if the amount in controversy exceeds $75,000 (there is doubt on

that score too, see *Macken v. Jensen*, 333 F.3d 797 (7th Cir. 2003); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998)), a federal court would not interfere with a *quasi in rem* proceeding pending in state court. The question in the New York litigation is not whether Martin owes a particular amount to Tisch. It is whether Martin owns part or all of the bank account; the dispute, in other words, is about how to apportion ownership interests in a single fund. It has long been settled that a federal court will not interfere with a state-court proceeding of this kind, provided that the state court has jurisdiction over the asset. See, e.g., *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195–96 (1935). Jenkins does not deny that the New York court properly exercised jurisdiction over this fund. She must litigate there, or nowhere.

The judgment of the district court is modified to reflect dismissal for lack of subject-matter jurisdiction under 28 U.S.C. §1332, and as so modified is affirmed.

One final observation. Defendant Anthony Martin, also known as Anthony Martin-Trigona, is the subject of an injunction designed to curb his penchant for frivolous and vexatious litigation. See *In re Martin-Trigona*, 573 F. Supp. 1245 (D. Conn. 1983), modified, 592 F. Supp. 1566 (1984). This injunction prohibits Martin-Trigona from initiating new litigation, directly *or by proxy*, without steps that he did not take before this case began. The district court should consider whether it would be prudent to open an inquiry into whether Martin-Trigona recruited Jenkins to act as his proxy in an effort to avoid satisfying his child-support obligations. If that occurred, then Martin-Trigona is in criminal contempt of court. The injunction was not issued within this circuit, however, though it applies to Martin-Trigona's conduct of litigation in any federal court, so perhaps the Northern District of Illinois should refer the matter to the District of Connecticut—or perhaps to the Department of Justice, which is principally responsible for initiating proceedings in criminal contempt of court. The Clerk will forward this order, and the short record in the case, to the United States Attorneys for the Northern District of Illinois and the District of Connecticut.