In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-3077

BONDPRO CORPORATION,

*Plaintiff-Appellant*,

*v.*

SIEMENS POWER GENERATION, INC.,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 C 0026 C—**Barbara B. Crabb**, *Chief Judge*.

———————

ON ORDER TO SHOW CAUSE—DECIDED OCTOBER 19, 2006

———————

Before POSNER, EASTERBROOK, and WOOD, *Circuit Judges*.

PER CURIAM.  In our opinion deciding this appeal, we said:

> Our Circuit Rule 28(a)(1) requires that the jurisdictional statement in a diversity suit name the states of which the parties are citizens. In violation of this rule, the jurisdictional statement in the plaintiff's brief fails to indicate the citizenship of the parties (both of which are corporations); it says only that they are "citizens of different states." The defendant's brief, compounding the violation, states that the plaintiff's jurisdictional statement is complete and correct.

No. 05-3077, 2006 U.S. App. LEXIS 23183, at *2 (7th Cir. Sept. 12, 2006).

We ordered the parties to show cause why they should not be sanctioned for violating our rule. The rule is clear and serves the important purpose of assuring that the court does not exceed its jurisdiction. The parties apologized for the violation but suggested no excuse, let alone justification. Violations of the rule are distressingly common despite frequent warnings, see *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003); *Myerson v. Showboat Marina Casino Partnership*, 312 F.3d 318 (7th Cir. 2003) (per curiam); *Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747-48 (7th Cir. 2001) ("we have warned litigants about the precise pattern observed here—a patently erroneous jurisdictional statement by the appellant, and a patently erroneous statement by the appellee that the appellant's jurisdictional statement is complete and correct"); *Professional Service Network, Inc. v. American Alliance Holding Co.*, 238 F.3d 897, 902-03 (7th Cir. 2001). The time has come to impose an exemplary public sanction in the hope of deterring further violations.

It is therefore ORDERED that counsel for the plaintiff—Peter M. Reinhardt, Nicholas J. Vivian, and Bakke Norman, S.C.—jointly, and counsel for the defendant—David T. Schultz, Teresa J. Kimker, Mark J. Girouard, and Halleland Lewis Nilan & Johnson, P.A.—also jointly, shall pay to the court as a sanction for violating Rule 28 the sum of $1,000.

No. 05-3077 3

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*