NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 27, 2009[*]
Decided June 19, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 08-3783 | |
| CRAIG FRANKE, doing business as Diversified Unclaimed Asset Consulting, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| CANA INVESTMENTS, LLC, *Defendant-Appellee*. | No. 1:08-cv-01307-RLY-TAB Richard L. Young, *Judge*. |

### Order

Some of Brian Bowman's real property was sold at auction in Indiana in 2006 after he failed to pay his property taxes. The sale produced a surplus of $32,275, which Bowman could claim by redeeming within a year. Toward the end of that year, Cana Investments, LLC, bought the right of redemption from Bowman for $3,000. Craig Franke says that Bowman assigned the right of redemption to him, too, and he asked a state court to award the surplus to him rather than to Cana. (Franke does business as Diversified Unclaimed Asset Consulting. Franke is the real party in interest, and we use his name even though he captions all of his documents in the proprietorship's name. Apparently Franke believes that litigating under a trade name insulates him from sanctions and other adverse outcomes; he is wrong.)

The state court ruled in Cana's favor and ordered Franke to pay a sanction of $1,000 for peppering the court with inappropriate filings that did not comply with the rules of procedure. Franke sought review by appeal and then a petition for transfer to the Supreme Court of Indiana. After these requests were unavailing, Franke filed a notice of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

removal purporting to move further proceedings to the United States District Court for the Southern District of Indiana.

Removal suffers from several problems. First, although the state court is located in the Northern District of Indiana, Franke tried to remove to the Southern District. Second, only a defendant can remove a case, see 28 U.S.C. §§ 1441, 1446; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), while Franke is the plaintiff. Third, a suit must be removed within 30 days of its initiation (or an event creating federal jurisdiction), §1446(b), while Franke took more time than that. Fourth, there is no federal jurisdiction. Franke's claim for the surplus arises under his purported contract and state law, so removal would be possible only if the stakes exceed $75,000 and the parties are of diverse citizenship. The stakes of this case are less than $35,000, and the notice of removal does not allege any of the material details about Cana's citizenship. (It is a limited liability company, so it is essential to know all of its members and the citizenship(s) of each. See *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691 (7th Cir. 2003).)

A case removed without jurisdiction must be remanded. 28 U.S.C. §1447(c). Had the district court done so, we would lack jurisdiction to entertain Franke's appeal. 28 U.S.C. §1447(d). Unfortunately, however, the district court did not remand. Instead it dismissed the case for lack of federal jurisdiction. That step would have been appropriate had the suit begun in federal court, but it is not appropriate for a removed suit.

The district judge may have assumed that, when a case is removed despite the absence of federal jurisdiction, it continues in state court without further action by the federal judge. What §1446(d) provides, however, is that the notice of removal *itself* prevents the state court from taking any further action. Only a formal remand restores the state court's power. So the proper disposition is a remand rather than a dismissal.

Franke should count himself lucky that the district judge did not award attorneys' fees, or other sanctions, under 28 U.S.C. §1447(c). The standards of that statute, see *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), have been satisfied. The removal was frivolous, as is this appeal. Franke must understand that any further attempt on his part to bypass the state court or frustrate the conclusion of the case he himself initiated will lead to sanctions substantially exceeding the $1,000 already awarded.

The judgment is vacated, and the case is remanded to the district court with instructions to remand the proceeding to Allen County Circuit Court.