NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2019*
Decided June 19, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1227

| | |
|---|---|
| ANNIE JOHNSON and MARK JOHNSON, <br> *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:18-cv-3401 |
| NATIONAL ASSET ADVISORS, LLC, and HARBOUR PORTFOLIO VII, LP, <br> *Defendants-Appellees*. | Sara L. Ellis, <br> *Judge*. |

**O R D E R**

This case is another example of the need to establish subject-matter jurisdiction and, when diversity of citizenship is invoked, to identify the citizenship of each party to the case. Annie and Mark Johnson agreed to make repairs to a house that they occupied in exchange for an alleged promise by a real-estate investment company and its representative to pay the property taxes until the Johnsons brought the house to code;

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the Johnsons could then purchase the house. But the real-estate company did not pay the taxes, and the Johnsons wound up being evicted. The Johnsons turned to federal court, suing two defendants for breach of contract (among other claims). The district court dismissed the claims as untimely and entered judgment for the defendants.

The Johnsons asserted diversity of citizenship as the basis for federal jurisdiction. *See* 28 U.S.C. § 1332. Their complaint alleged that the first defendant, National Asset Advisors, LLC, was a limited liability company with its principal place of business in South Carolina, and that the second defendant, Harbour Portfolio VII, LP, was a Texas limited partnership with its principal place of business in Texas. The Johnsons assert that they are citizens of Illinois and that neither defendant is a citizen of Illinois.

On appeal, the appellees' brief stated that the Johnsons' jurisdictional statement is "incomplete," and we agreed, so we ordered the appellees to provide a complete jurisdictional summary. *See* CIR. R. 28(a)(1). The appellees, however, also failed to submit a jurisdictional statement that was both complete and correct because they failed to identify by name all partners of Harbour and each partner's state of citizenship. Appellees must provide this information because the citizenship of a partnership is that of all its partners. *See Hart v. Terminix Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). And the citizenship of a partnership must be traced through however many layers of partners there may be. *Meyerson v. Harrah's E. Chicago Casino* [*Meyerson I*], 299 F.3d 616, 617 (7th Cir. 2002). It is also not sufficient for the plaintiffs to state simply that neither defendant is a citizen of the state of which the plaintiffs are citizens. *Id.*

The appellees requested additional time to identify the layers of Harbour's partnership, and we granted them more time to gather the necessary information about its 91 partners—27 of which are partnerships, limited partnerships, or limited liability companies. Even with that extra time, they have failed to supply the required information. And they inform us that they will not do so because, they claim, they do not have "access" to the information. The appellees acknowledge that their failure may result in dismissal of this appeal and vacatur of the district court's judgment in their favor. *See Meyerson v. Showboat Marina Casino P'ship* [*Meyerson II*], 312 F.3d 318, 321 (7th Cir. 2002) (remanding for district court to dismiss case for lack of diversity jurisdiction because party refused to provide its ownership information). For their part, the Johnsons responded by submitting a filing asking us to enter judgment for them on the merits, but they did not attempt to explain how they have satisfied the requirements of diversity jurisdiction.

Based on these submissions, the Johnsons have failed to carry their burden of establishing that this case falls within the jurisdiction of the federal courts. Once the possible defect in jurisdiction was identified, the parties had to demonstrate complete diversity of citizenship, and despite several chances to do so, they have failed. "Failure to go through all the layers [of a partnership] can result in dismissal for want of jurisdiction." *Meyerson I*, 299 F.3d at 617; *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693–94 (7th Cir. 2003); *Hart*, 336 F.3d at 544; *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). With the parties having failed to supply the necessary information, dismissal of the lawsuit is necessary.

The failure to ascertain the complete citizenship of the parties in this case has wasted tremendous time and resources. The Johnsons should not have sued in federal court before identifying the defendants' citizenship, and the defendants should have pointed out the problem before asking the district court to decide the merits. *See Belleville Catering Co.*, 350 F.3d at 693. We have considered remanding the case to give the district court a chance to explore whether it can compel the defendants to provide "access" to their citizenship information. But enough federal-court time has been spent on this case. The defendants' inability to provide access deprives *them* of a ruling in their favor, so we see no need to remand for further litigation.

We thus DENY the Johnsons' motion for judgment, VACATE the judgment of the district court, and REMAND with instructions to dismiss the case for lack of jurisdiction.